#### FOR THE

## COUNTY OF CHITTENDEN.

### JANUARY TERM, 1845.

#### PRESENT.

Hon. STEPHEN ROYCE,  
Hon. ISAAC F. REDFIELD, } Assistant Judges.  
Hon. MILO L. BENNETT,  
Hon. WILLIAM HEBARD,

---

### STATE *v.* JOHN BUTLER.

The omission by the clerk of the court to enter upon an indictment the min-ute required by statute of the "true day, month and year when the same was exhibited" is matter of abatement only, and, unless taken advantage of by the respondent before the plea of the general issue, must be consid-ered as waived.

And *it would seem* that such minute would be sufficient, if made by the clerk, under the direction of the court, at any time during the term at which the indictment is exhibited.

An indictment, charging one as accessory after the fact, under the 11th sec-tion of chapter 102 of the Revised Statutes, must allege that the respondent did not stand in any of those relations to the principal offender, which are excepted from the operation of the statute in the enacting clause.

19

State *v.* Butler.

But, *Per* REDFIELD, J., if the matter of exception be contained in a separate section of the statute, or in a proviso, or exception, distinct from the enacting clause, the fact that the respondent is within the exception is matter of defence merely, and the contrary need not be alleged in the indictment.

Under the Revised Statutes of this state the principal offender and the accessory may be indicted together; but *quære, whether it is competent to charge one as accessory, both before and after* the fact, in the same indictment with the principal, and in the same count.

But in this case that portion of the indictment, which attempted to charge the accessory with being such *after the fact,* being defective, was treated as surplusage; and the indictment treated as one against the principal and an accessory *before the fact,* and therefore sufficient.

INDICTMENT for being accessory to the stealing of a quantity of wool.

The indictment, in the form of three distinct counts, each having a formal commencement and conclusion, alleged, first, that Joseph King and Nelson Butler feloniously stole, took, and carried away one hundred pounds of wool,—secondly, that the respondent, "be- 'fore the aforesaid one hundred pounds of wool was feloniously 'stolen, taken and carried away by the said Joseph King and Nel- 'son Butler, as aforesaid, with force and arms, &c., did *counsel*, '*hire and procure* the said Joseph King and Nelson Butler feloni- 'ously to steal, take and carry away the aforesaid one hundred 'pounds of wool,"—and thirdly, that the respondent, "after the 'aforesaid one hundred pounds was feloniously stolen, taken and 'carried away by the said Joseph King and Nelson Butler, as afore- 'said, with force and arms, &c., feloniously *did harbor*, conceal, 'maintain and assist the said Joseph King and Nelson Butler, he, 'the said John Butler then and there knowing that the said John 'King and Nelson Butler had, on &c., feloniously stolen, taken 'and carried away the aforesaid one hundred pounds of wool, as 'aforesaid, &c., with intent that the said John King and Nelson 'Butler should escape and avoid detection, arrest, trial and punish- 'ment, contrary " &c.   The indictment also alleged the same facts, in precisely the same form, in reference to the stealing of one hundred and seventy pounds of wool.

At the term at which the indictment was presented, and after

State v. Butler.

the respondent had been arraigned and had pleaded not guilty, and after the jury had been impannelled and sworn to try the case, but before any evidence had been given to the jury, the respondent moved the court to dismiss the indictment, assigning as cause that no minute had been made upon the indictment, by the clerk, of the true day, month and year when the indictment was exhibited to the court. Whereupon the clerk, by the permission of the court, and while the motion to dismiss was pending made a minute, in the form required by statute, and the court thereupon overruled the motion to dismiss, and directed the trial to proceed.

After a verdict of guilty had been returned, and before sentence, the respondent filed a motion in arrest, for the insufficiency of the indictment,—which motion the court also overruled. Exceptions by respondent.

*D. A. Smalley* and *C. D. Kasson* for respondent.

1. The two counts, charging the respondent as an accessory after the fact, are bad. Sect. 11 of chap. 102 of the Revised Statutes, under which these counts are framed, expressly excepts from its operation " all persons standing in the relation of parent, or child, brother," &c., to the principal. The count should allege that the respondent is such a person as *can* commit the crime. It is well settled, that, where the exemption is made in a statute by way of *exception*, and not by a *proviso*, that the pleading must allege that it is not one of the excepted cases ; whereas in the case of a proviso that need not be alleged, but the party must take advantage of it in his defence. *Rex* v. *Jukes*, 8 T. R. 544; 2 Hawk. C. P., c. 25, sect. 113. Chit. Cr. Law 204–5.

2. The indictment is multifarious, both as to parties and crimes. King and Nelson Butler are charged with larceny in distinct, independent, counts, upon which they may be arraigned and convicted independent of John Butler. Then John Butler is charged, in distinct and independent counts, with still a different and substantive offence. As to the proper form of indictment in such a case, see Arch. Cr. Pl. & Ev. 444 *et seq.* Chit. Cr. Law 224–5.

3. The counts charge no offence to have been committed by the *principal.* There are six counts, each having a proper begin-

ning and conclusion.   If we lay out of the case the two counts distinct as to the principals, it leaves no charge of an offence as to them in the counts against John Butler.   Chit. Cr. Law 204–5, 224–5, 272–4.   Nor are there any sufficient allegations in the other four counts to make the two counts against the principals a part of the other four counts.   The only words used, having any allusion to the first two counts, are "*as aforesaid.*"   But this, we suppose, it is well settled, can only refer to what is said before in the *same count*, and, unless some other phrase is used, matter in one count cannot be adopted into another.

4.   The motion to dismiss ought to have been sustained.   Rev. St., c. 58, §§ 8, 10.

*Israel P. Richardson,* state's attorney.

1.   The motion to dismiss the prosecution is in the nature of a dilatory plea, and should have been pleaded before the general issue;—the rules of pleading are to be observed as much in criminal cases as in civil actions.   The statute of 1797, upon this subject, declared the proceeding to be *void,* when a minute of the day, month and year was not made on the bill, &c.   This continued to be the law until the revision of the statute in 1839.   But even under the law of 1797 the accused could waive any such defect, if he pleased; and if he did so by an express waiver on the record, or by an implied one of going to trial and suffering a conviction and judgment, it was always supposed that the objection came too late after sentence, though the statute declared the whole to be void.

2.   The making of the minute by the clerk is a ministerial act, and may be done at any time; and in this case it was done,—which was a substantial compliance with the statute.   1 Chit. Cr. Law 274, 614, note Y.   1 Saund. R. 249.   1 Str. 136.

3.   As to the motion in arrest;—The principal and accessory may be joined in the same indictment, and be put on trial at the same time.   Rev. St. c. 102, § 9.   2 Hawk. P. C. 456, § 47, and notes.   2 Ib. 323.   The precedents are, that there is one count for each several offence against the principal, and also against the accessory, in the same indictment.   See 2 Chit. Cr. Law 6, and 1 Ib. 224.

State *v.* Butler.        -

The opinion of the court was delivered by

REDFIELD, J. The motion to dismiss was correctly overruled for two reasons. 1. The statute provides, in terms, that, if the proper minute shall not be made, the proceeding " shall, on motion, be dismissed ;"—not that it shall be void, but shall, on motion, be dismissed,—thus making it matter of abatement, except as to the form of raising the question, which need not be by formal plea, but may be by motion. But it does, in other respects, partake of the nature of a plea in abatement, and, unless pleaded before the plea of the general issue, must be considered as waived. Such was the decision of this court in regard to the minute upon writs sued out to recover penalties, which is provided for in the very same section, and with precisely the same words, as in case of an indictment. 2. We do not perceive but there must be some time allowed for the making of this minute,—and we are not prepared, at this time to say that this court could adjudge this minute so informal as to time, as to be of no validity. But it is not necessary to spend much time upon this point.

In regard to the sufficiency of the indictment, the counts, which charge the respondent as accessory after the fact, cannot be maintained. This must be considered an indictment under the statute. As the statute has modified the common law offence, it must be considered as, thus far at least, having superseded it. And viewed as an indictment under the statute alone, it is impossible to sustain it. For the statute, in the body of the enacting clause, provides that the persons to be guilty of the offence shall not stand in certain specified relations to the principal offender,—that is, " Every person not standing in the relation of husband and wife, parent, or grand parent, child, or grand child, brother, or sister, to an offender." It is not *every person*, but only those not standing in these relations ; so that the quality is as necessary to be alleged in the indictment, as if the persons had been required to be of a good age, in order to be guilty of the offence ; and in such cases the allegation of the *quality*, required in the person to commit the offence, must always be found in the indictment.

Where the exception is in a separate section of the statute, or in a proviso, or exception distinct from the enacting clause, it has al-

State *v.* Butler.

ways been esteemed matter of defence, and that it need not be al-
leged in the indictment; but *if* the exception was contained in the
body of the enacting clause, it was in the nature of a condition pre-
cedent and must be alleged in pleading. Arch. Cr. Pl. 29. *Spiers*
v. *Parker*, 1 T. R. 137. *The King* v. *Pratten*, 6 T. R. 559.
*The King* v. *Stone*, 1 East 639. *The King* v. *Earnshaw*, 15
East 456. In the case of *The King* v. *Stone*, the court seem to
have been equally divided upon the question whether it is incum-
bent upon the prosecutor to *prove such negative exception*. But,
upon general principles, it would seem to be as necessary to give
some proof of the exception, whether affirmative, or negative, as to
*allege* it. And one can hardly forbear a smile at the simplicity of
Mr. Justice LE BLANC, in the last case, who, ( when pushed by the
argument of Lord KENYON of the absurdity of requiring the *allega-
tion* and dispensing with the *proof*,) supposes the allegation might
be of *some* service to the defendant, in apprizing him of what "*proof
he must come prepared with*" in order to make his defence availa-
ble. The rule, as laid down in *Rex* v. *Rogers*, 2 Campb. 654,
seems to require the proof to support the allegation.

   The remaining question raised, in regard to the sufficiency of the
counts charging the respondent as accessory before the fact, it is
difficult to determine satisfactorily. If these counts are to be con-
sidered as charging the principals and accessories all together, it
may be well enough; but it seems questionable whether the prece-
dents will justify charging the principal and accessories both *before*
and *after* the fact in the *same count*. This seems to *me* to be an
indictment in *two counts*, in each of which the principals are
charged in due form, and then the respondent is first charged as
accessory before the fact, and then as accessory after the fact.* I
cannot say that, in principle, there is any very great objection to
this course; but in practice, I apprehend, it has not been usual to
do more than to indict the principal and the accessory either before

---

*The counsel on the part of the state, even, do not agree in regard to the
number of counts,—one calling it two counts, and the other four, while the
counsel for the respondent call it an indictment in *six counts*. REDFIELD, J.

or after the fact in the same count,—and generally, not more than this is found in one indictment.

But, at all events, as the attempt to charge the respondent as accessory after the fact is defective, as we have seen, for another reason, it may be rejected as surplusage, and the indictment will then stand good against the principals and the respondent, as accessory before the fact,—which is the most common mode of indictment, in such case at common law. In this state, by statute, the accessory, either before or after the fact, may be indicted, convicted and punished " either with the principal offender, or after his conviction," (which was the case at common law,) "or he may be prosecuted and convicted of a substantive offence, whether the principal offender shall or shall not have been convicted," &c.

The respondent's bonds being called out, no formal judgment was entered upon the record.