#### FOR THE

### COUNTY OF ADDISON.

#### JANUARY TERM, 1846.

---

PRESENT,

Hon. CHARLES K. WILLIAMS, CHIEF JUDGE.
Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT,  } ASSISTANT JUDGES.
Hon. DANIEL KELLOGG.

---

### STATE v. SAMUEL BARKER.

When an act is constituted an offence by statute, and there is an exception in the body of the statute, which enters into it as part of the description of the offence, the exception must be negatived in an indictment for committing the offence.

In an indictment founded upon section 1, chap. 82, of the Revised Statutes, which prohibits, on the sabbath, the exercise of " any secular labor, business, or employment, except such only as works of necessity and charity," it must be alleged that the act, charged as an offence against the statute, was not a work of *necessity*, or *charity*.

State *v.* Barker.

THIS was a complaint by a town grand juror, founded on the first section of chapter eighty two of the Revised Statutes,* and came to the county court by appeal from the judgment of a justice of the peace.    Plea, not guilty, and trial by jury,—BENNETT, J., presiding. It was averred, in the complaint, that the defendant had exercised secular labor on the sabbath day ; but it was not alleged, that it was not a work of necessity, or charity.    After a verdict of guilty the respondent moved in arrest of judgment, for insufficiency of the complaint.    The motion was overruled by the court; to which decision the respondent excepted.    Exceptions were also taken on the trial of the case ; but as no decision was made upon them by the supreme court, they need not be stated.

*E. D. Barber* for respondent.

The rule is fully settled, that, when a criminal or penal statute contains an exception in the enacting clause, that exception must be fully negatived in the indictment, or complaint.    1 Com. Dig., Action upon Statute, A 3.    *Devoe* v. *Commonwealth,* 3 Met. 316. *Commonwealth* v. *Tuck,* 20 Pick. 356.    *Crandall* v. *State,* 10 Conn. 339.    1 Met. 263.    1 Chit. Cr. Law 285.    *Spiers* v. *Parker,* 1 T. R. 141.    *Rex.* v. *Jarvis,* 1 Burr. 148.    *Commonwealth* v. *Maxwell,* 2 Pick. 141.    *King* v. *Mayor of Liverpool,* 3 East 85.    *Jones* v. *Axen,* 1 Ld. Raym. 120.    *Rex* v. *Jukes,* 8 T. R. 536, 542.    Nor can it be urged, that the exception, in this case, is not within the enacting clause of the statute.    It is embraced within the same clause, that defines and creates the offence, and constitutes part of the description of the offence.

*D. Wooster* for the State.

The objection to the complaint is founded upon a technical rule of pleading, which is not applicable to town grand juror's com-

*By which it is enacted, that " The first day of the week shall be kept and observed by the people of this State, as a sabbath, holy day, or day of rest from all secular labors, recreations and employments, and if any person shall, between twelve o'clock of the night preceding, and the setting of the sun the same day, exercise any secular labor, business or employment, except such only as works of necessity and charity, he shall be punished by a fine, not exceeding two dollars.

State *v.* Barker.

plaints. They are not treated with the same strictness as indict-
ments. They are amendable, even after an appeal to the county
court. 6 Vt. 488. The exception in the statute, in this case, is
mere matter of defence, and need not be noticed in the complaint.
When a statute contains provisos and exceptions, in distinct clauses,
it is not necessary to state in the complaint, that the defendant does
not come within the exceptions, nor to negative the provisos. 1
Chit. Cr. Law 288. 1 Str. 555. 2 Burr. 1037. 1 W. Bl. 230. 5
T. R. 83. 2 Str. 1101. 1 East 646. 1 W. Bl. 230. And it is
immaterial, whether the proviso be contained in the enacting clause,
or be subsequently introduced in a distinct form. It is the *nature*
of the exception, and not its location, which determines this point.
1 Chit. Pl. 229 (n.) 1 Johns. 513. 3 Johns. 438. 4 Johns. 304.

The opinion of the court was delivered by

BENNETT, J. This case comes before the court upon exceptions
taken on trial, and also upon exceptions to the decision of the coun-
ty court in overruling the motion in arrest. The only question,
with which the court have found any difficulty, relates to the suffi-
ciency of the complaint; but as we are all agreed, that the com-
plaint is bad, it is of no importance to pass upon any other questions
in the case.

The complaint charges the respondent with the exercise of *secu-
lar business* upon the sabbath, without negating that the business
was a work of *necessity*, or *charity*. The rule of law is, that,
when the exception is in the body of the statute, which enacts the
offence, and enters into it as a part of its description, it becomes
necessary to state all the facts, which constitute the offence; and to
do this, the exception in such case must be negatived. The au-
thorities cited in argument fully sustain this position. If the excep-
tion is distinct from the enacting clause, it then becomes matter of
defence, and it need not be negatived in the indictment, that the
respondent is within the exception. *State* v. *Butler*, 17 Vt. 149.
The reason why the rule is different in the two cases is quite obvi-
ous.

The statute (Rev. St. 394) prohibits any one from exercising, on
the sabbath, " any secular labor, business or employment, except

such only as *works* of *necessity and charity."* It is necessary, then, in order to constitute a violation of this statute, that the work complained of should not be a work of necessity, or charity ; and the effect is the same, as if the exception in the statute had been in this form, *not being works of necessity and charity.* It would then be quite apparent, that the latter words would qualify and explain what kind of labor, business and employment was prohibited.

It has, it is true, been held, that an indictment for not going to church need not *aver,* that the respondent had no reasonable excuse for his absence, though the words of the statute are, " having no reasonable excuse." 1 Chit. Cr. Law 283, 284. In such a case, if the respondent has a reasonable excuse, it is matter of exemption, and the respondent must avail himself of it ,—that is, he must show that he comes within the exception. The fact, whether the respondent has a reasonable excuse, must be peculiarly within his own knowledge. The Massachusetts statute of 1791 provides, in the enacting part, that no innholder, &c., shall entertain any persons, *not being travelers, strangers, or lodgers* on the Lord's day, under a given penalty for each person entertained ; and it was held, that the indictment must negative *their being travelers, &c. Commonwealth* v. *Maxwell,* 2 Pick. 139. This statute is in effect like the one, upon which the present complaint is grounded.

The result is, the judgment of the county court is reversed and sentence arrested for insufficiency of the complaint.