| 41 | 303 |
| 124 | 383 |

---

## BASSETT *v.* THE STATE.

CRIMINAL LAW.—*Abortion, Attempt to Produce.*—*Statute.*—The statute makes an attempt to produce miscarriage a criminal act, unless the miscarriage is necessary to save the life of the woman.

SAME.—*Indictment.* — An indictment for an attempt to procure an abortion charged that an instrument was used to produce a miscarriage, "the employment of said instrument not being necessary to preserve the life of the woman," without alleging that the miscarriage was not necessary to save the life of the woman.

*Held*, that the indictment should have been quashed on motion.

APPEAL from the Marion Criminal Circuit Court.

OSBORN, J.—The appellant was indicted in the Marion Criminal Circuit Court for attempting to procure an abortion. There are two counts in the indictment. One charges that the appellant did, on a day named, etc., unlawfully and wilfully employ a certain instrument, naming it, upon the body of Jennie Gerry, who was then and there a pregnant woman, by then and there inserting it into the uterus of the said Jennie

Gerry, and passing it about the fœtus, and attempting to break its attachments to the womb, with intent, then and there and thereby, to produce the miscarriage of the said Jennie Gerry, "the said employment of the said instrument not being then and there necessary to preserve the life of the said Jennie Gerry."

The second count is like the first, except that it omits the words, "who was then and there a pregnant woman," and in their place the following words are used, "who was then and there supposed by said defendant to be a pregnant woman."

The defendant moved the court to quash the indictment, which was overruled, and he excepted. He then pleaded not guilty. There was a jury trial, with a verdict of guilty, and that he should be fined in the sum of five hundred dollars, and be imprisoned in the county jail one year. He moved the court for a new trial, and in arrest of judgment, both of which motions were overruled, and exceptions were taken at the proper time. Judgment was then pronounced against him, on the verdict of the jury.

The indictment was founded upon 2 G. & H. 469, sec. 36. We quote so much of that section as is necessary to show upon what the indictment was founded: "Every person who shall wilfully administer to any pregnant woman, or to any woman whom he supposes to be pregnant, anything whatever, or shall employ any means with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life," etc.

We think it was the purpose of the legislature to make, and that the statute does make, the attempt to procure the miscarriage a criminal act, unless such miscarriage was necessary to preserve life; whilst the charge in the indictment makes the offence to consist in the unnecessary employment of a particular instrument to procure that result, without regard to its necessity.

Under the indictment in the record before us, the defendant might have been convicted, although the miscarriage, to

procure which the instrument was used, was absolutely necessary to save the life of the woman.

We have been referred to *The State* v. *Vawter*, 7 Blackf. 592, as sustaining the ruling of the court below. The question was not made in that case. The only point decided in that case was, that it was not necessary to name the medicine used, or that it was noxious.

The said judgment of the said Marion Criminal Circuit Court is reversed, and cause remanded, with instructions to said court to quash said indictment.

*J. W. Gordon*, *T. M. Browne*, *R. N. Lamb*, and *J. N. Kimball*, for appellant.

*J. C. Denny*, Attorney General, *R. P. Parker*, and *J. B. Elam*, for the State.