## STATE v. SOLOMON NORTON.[*]

*Jurisdiction of Justice of the Peace. Constitutionality of the Act of Nov. 8, 1865, (Gen. Stat. 891.) Pleading. Grand Juror's Complaint.*

A justice of the peace has jurisdiction of the offense created by the act of Nov. 8, 1865, (Gen. Stat. 891), for the protection of deer.

Said act is constitutional.

The complaint alleged that the respondent "did  *  *  chase, drive, worry, and kill, a live animal called a deer." *Held*, not bad for duplicity.

The objection that a memorandum of the names of the witnesses in support of the prosecution, is not subjoined to a grand juror's complaint, is in the nature of a dilatory plea, and must be made at the earliest opportunity, or it will be considered as waived.

The complaint alleged the offence to have been committed on a certain day named, which was within the period during which the statute prohibited the act. *Held*, sufficient without a distinct allegation that the offense was committed within such period.

It was held unnecessary in a complaint under said act to exclude by averment the exception in the third section of the act.

THIS was a grand juror's complaint for killing a deer contrary to the act of Nov. 8, 1865, for the protection of deer,[†] appealed to

---

[*] This case was decided at the January team, 1872.

[†] By which it is enacted: "Sect. 1. If any person shall hereafter, within the period of ten years, kill any animal of the deer kind, found running at large within this state, or assist therein, or shall hurt or worry any such animal, he shall be punished by a fine of fifty dollars, and costs of prosecution, to be recovered by a suit before a justice of the peace; one half of said fine to be paid to the complainant, and the other half to be paid into the treasury of the town in which such animal shall be so hurt, worried, or killed.
*         *         *         *         *         *

"Sect. 3. This act shall not be so construed as to interfere with the rights of any person who shall be the owner of such animals, partially or wholly domesticated."

the county court.   The complaint alleged that the respondent, " on the 7th day of December, A. D. 1870, at Huntington aforesaid, in the county of Chittenden aforesaid, did unlawfully, with guns, sticks, knives, and other instruments of death, chase, drive, worry, and kill a live animal called a deer, found running at large within said state, of the deer kind; contrary to the form of the statute," &c.

The case was heard on demurrer to the complaint, at the April term, 1871, PIERPOINT, Ch. J., presiding, when the demurrer was overruled, and the complaint adjudged sufficient, and the respondent fined fifty dollars.   Exceptions by the respondent.

*S. H. Davis*, for the defendant.

*W. L. Burnap*, state's attorney, for the state.

The opinion of the court was delivered by

ROYCE, J.   The county court, upon demurrer to the complaint in this case, held it sufficient, and the case comes here upon exceptions to that decision.

It is insisted, first, that the justice had no jurisdiction, because the offense described in the complaint being punishable by a fine of fifty dollars, the justice had no power to try the respondent.

The answer to this is, that the act of 1865, Gen. Stat. 891, which created the offense, provides that the fine may be recovered by a suit before a justice of the peace, thus expressly conferring jurisdiction upon justices of the peace; and having jurisdiction to try and determine the question of the guilt or innocence of the party accused, he had the right to render judgment against the party for the penalty which the statute imposed.

The second objection is, that the act of 1865 is in conflict with the 40th section of the state constitution, which provides that " the inhabitants of this state shall have liberty, in seasonable times, to hunt and fowl on the lands they hold, and on other lands not inclosed ; and in like manner to fish in all boatable and other waters (not private property), under proper regulations to be hereafter made and provided by the general assembly."   The rights secured

by this section of the constitution were not intended to be absolute and unconditional, but were to be governed and controlled by such proper regulations as might thereafter be made by the general assembly. The right was reserved to the general assembly to determine what were seasonable times in which to hunt and fowl, and having exercised this right, the court will not assume (certainly in the absence of proof) that it has been exercised in an unconstitutional manner. The numerous statutes which have been passed for the protection of game and fish, have been deemed necessary to the beneficial enjoyment of the constitutional right, and the court will not hold such laws unconstitutional, until it is clearly shown that they are so prohibitory as to virtually deprive the inhabitants of the right secured to them by the constitution.

The third objection is that the complaint is bad for duplicity, —that two distinct offenses are charged. But by a reference to the complaint, it will be seen that the only offense with which the respondent is charged is that he did " drive, worry, and kill a live animal called a deer."

The fourth objection is, that a memorandum of the witnesses was not subjoined to the complaint. This objection is in the nature of a dilatory plea, and should have been made at the earliest possible time; and by proceeding to trial without making it, it must be treated as having been waived. The object of this provision was to apprise the party of the names of the witnesses who would be used to prove the facts charged in the complaint, and it is not competent for the party, after demurring to the complaint, and thus obviating the necessity for the use of any witnesses, to make this objection.

The fifth objection is, that the complaint is defective in not alleging that the act complained of was committed between Nov. 8th, 1865, and Nov. 8th, 1875. The statute upon which this complaint was made, was approved and took effect on the 8th day of Nov. 1865, and prohibited the killing of deer for the period of ten years from that date. The complaint alleges that the deer was killed by the respondent on the 7th day of December, A. D. 1870, and this we think was sufficient. That time was within the period in which the killing of deer was made unlawful by the statute.

The sixth objection is, that the complaint is defective in not alleging the negative in the third section of the act, and that the respondent does not come within the exception. The rule of law is, that where the exception is contained in the body of the statute which creates the offense, and enters into it as a part of its description, in stating the offense it becomes necessary to negative the exception, or to allege that the party charged does not come within the exception. If the exception is distinct from the enacting clause, or from that part of the statute which creates and describes the offense (as it is in this statute), it becomes matter of defense, and it need not be negatived that the respondent is within the exception. *State* v. *Barker*, 18 Vt. 197 ; *State* v. *Butler*, 17 Vt. 149.

The judgment of the county court that the complaint is sufficient, is affirmed. On motion of the respondent, the judgment of that court is reversed, *pro forma*, and the cause remanded, with liberty to respondent to *replead*.