PETER S. ROBERSON v. THE CITY OF LAMBERTVILLE.

1. Where the charter of a municipal corporation gives the common council power to license inns and taverns, and also power to license wholesale liquor dealers, liquor cannot be sold by the quart without license, in violation of a city ordinance.

2. A complaint which charges that the complainant has just cause to suspect, and does suspect that the defendant is guilty of violating the city ordinance, without averring that he is guilty, is not made with such reasonable certainty as to be the ground of a judicial determination, conviction, and sentence. It differs from a proceeding to obtain a warrant to arrest an offender to answer to a more formal complaint by indictment in another court.

3. The complaint is fatally defective, in failing to state to whom the liquor was sold, without showing that it was sold to a person unknown. The only allegation is, that it was sold to " each of various and divers persons."

4. The ordinance under which the prosecution was instituted prohibits the sale of liquor without license, " except such as shall be compounded and intended to be used as a medicine." The complaint must negative this exception.

5. Under the supplement to the charter of Lambertville, passed in 1874, it is sufficient to state in a complaint, that the prosecutor has just cause to suspect, and does suspect the party charged, provided the complaint in all other respects conforms to the requirements of the common law.

On *certiorari* to remove the proceedings against the prosecutor for violation of the license ordinance of the city of Lambertville.

Argued at February Term, 1875, before Justice VAN SYCKEL.

For the plaintiff, *Van Fleet* and *Geo. A. Allen.*

For the defendant, *Chas. A. Skillman.*

VAN SYCKEL, J.    The *certiorari* in this case removes into this court the complaint and proceedings thereon, before a justice of the peace, against the prosecutor, for alleged violation of a city ordinance, entitled " An ordinance to provide for licensing and regulating wholesale liquor dealers in the city of Lambertville ; " by which it is ordained as follows :

" Sec. 1. That it shall not be lawful for any person or persons, without license for the purpose first had and obtained, to sell, or cause, or knowingly permit to be sold, directly or indirectly, any wine, rum, gin, brandy, whiskey, cider, spirits, porter, ale, lager beer, or any composition of which any of the said liquors shall form the chief ingredient, except such as shall be compounded and intended to be used as a medicine, by measure of one quart and upwards ; or if, having license under this ordinance, shall permit any liquor sold to be drunk on the premises, shall forfeit and pay for each offence the sum of fifty dollars, or suffer imprisonment, either in the county jail for any period not exceeding thirty, or in the city jail for any time not exceeding seven days ; or, the person offending, may be adjudged to forfeit the said sum of fifty dollars, and also, in addition thereto, suffer imprisonment in one of the ways provided in this section."

The prosecutor is convicted under this ordinance of selling liquor by measure of one quart and upwards, without license for that purpose first had.    This ordinance makes it unlawful to sell without license, but it does not declare that the person so selling without license shall be subject to any punishment. To give it that effect it will be necessary to add, " and every person so selling without license first had" before the words " shall forfeit."

To interpolate such words would be an act of legislation, not construction.    The common council may have intended that the unlawful act should be punished, but they have not

Roberson v. City of Lambertville.

given expression to any such purpose. The intention of a legislative body will prevail, but the intent must be expressed in fit language. *Potter's Dwarris* 182.

The city charter (*Laws,* 1868, *p.* 957, § 21,) gives the common council power " to license wholesale liquor dealers, and prohibit the keeping of the same," and a subsequent section gives them power to license inns and taverns.

It is argued on behalf of the prosecutor that a wholesale dealer is one who sells in large packages, and that, therefore, the city cannot exercise any restraint over those who sell by the quart. The word wholesale is used in contradistinction to the word retail. The latter word has been used with a fixed and definite meaning in legislation upon this subject. In the 12th, the 24th, and 39th sections of the act concerning inns and taverns, the retail of spirituous liquors is the sale by less quantity than one quart, and it is nowhere used in this act in any other than this restricted sense. Giving it this meaning, it must be presumed that the legislature intended to include by the word " wholesale" all sales which are not by retail— that is, by less quantity than one quart. So interpreted, it is not necessary to impute to the legislature the absurd intention of conferring upon the municipal authority to control the sale of ardent spirits by measure less than one quart, and the sale in large quantities, and at the same time to leave wholly unrestrained the sale by the quart, which would be productive of great mischief. The power granted to the corporation is broad enough to embrace the entire subject, and, under it, ordinances may be passed to regulate the sale of intoxicating drinks by the quart. But if the ordinance was so framed as to subject the unlicensed wholesale dealer to the penalties which it denounces, the complaint against the relator is fatally defective.

It charges that the complainant has just cause to suspect, and does suspect, that the relator is guilty of violating the city ordinance, but he does not aver that he was guilty. The complaint is not made with such reasonable certainty as to

be the ground of a judicial determination, conviction and sentence.

This not a proceeding to obtain a warrant for the purpose of arresting an offender, to answer to a mere formal complaint, by indictment or information in another court, but is the basis of a substantive criminal charge, upon which the alleged offender is to be tried in a court of competent jurisdiction, and his guilt or innocence determined. The salutary rule of the common law, that no one shall be compelled to answer a criminal charge unless it is expressed with reasonable precision, directness and fullness, so that he may be prepared to meet and repel it, extends to every mode in which a citizen of this state can be put upon his defence to a charge of violating the criminal law, and must be recognized and enforced in this case.

A complaint of this character was held, by Chief Justice Shaw, to be insufficient under the Massachusetts liquor law, in *Commonwealth* v. *Phillips*, 16 *Pick.* 211.

The complaint also fails to state to whom the liquor was sold, without stating that it was sold to a person or persons unknown. Its language is that the person charged, sold to "each of various and divers persons."

In *Commonwealth* v. *Dean*, 21 *Pick.* 334, this form was held to be radically infirm, and in *Tyler* v. *Lawson*, 1 *Vroom* 120, Justice Vredenburgh remarked, in an analogous case, that the grand jury might as well indict a man for murder, without saying who was dead.

There is a further omission in this complaint of matter essential to its support. The rule of pleading a statute which contains a proviso or exception, is usually expressed in the books thus :

" If there is an exception in the enacting clause, the party pleading it must show that his adversary is not within the exception, but if there be an exception in a subsequent clause or a subsequent statute, that is matter of defence, and is to be shown by the other party."

Where a statute provided that if any person shall, on the Sabbath, exercise any secular labor, except such only as works of necessity or charity, he shall be. punished, &c., a complaint not negativing the exception, was held to be insufficient. *State* v. *Barker*, 18 *Vt.* 195.

The same rule was enforced where a statute provided that if a person unlicensed should retail spirituous liquors, except in corporate towns and cities, he should be guilty of a misdemeanor. *Elkins* v. *The State*, 13 *Georgia* 435.

The insufficiency of this form of pleading was recognized in the following cases: *Jones* v. *Axen*, 1 *Lord Raymond* 119; *Commonwealth* v. *Maxwell*, 2 *Pick.* 138; *Commonwealth* v. *Hart*, 11 *Cush.* 130.

This is necessary, in order that the description of the crime may, in all respects, correspond with the statute.

In the complaint now under consideration, the pleader has failed to negative the exception in the ordinance. Every allegation in the complaint may be true, and yet the party charged may not have violated the law, for the facts stated do not necessarily constitute an offence against the ordinance.

This question was expressly ruled in *Townley* v. *The State*, 3 *Harr.* 311.

By the 16th section of a supplement to the charter of Lambertville, passed March 16th, 1874, (*Laws*, 1874, *p.* 275,) it is enacted that the affidavit to authorize a warrant in a case of this kind, shall be sufficient, if the person making the same, swear that he hath just cause to suspect, and does suspect, that the person he charges hath been guilty of a violation of an ordinance of the city, stating, specifically, what ordinance has been violated, the time when and the manner in which the same has been violated.

Under this statute, it would have been sufficient to state that the prosecutor had just cause to suspect, and did suspect the party charged, provided the complaint, in all other respects, conformed to the requirements of the common law. In this case, as has been shown, the complaint is fatally

Brahn v. Jersey City Forge Co.

defective in other particulars of substance, and therefore is not saved by the supplement.

In my opinion, the proceedings below should be set aside, with costs.