## STATE v. ALVIN R. STOKES.

*Criminal Law. Abortion. Indictment must Negative the Excepting Clause in a Statute when Defining the Offence. Amendment.*

The statute against procuring an abortion contains this excepting clause : "unless the same is necessary to preserve her life" ; the indictment did not negative the exception, but asserted that the act was done "maliciously and without lawful justification." *Held*,

1. Bad on demurrer ; that the exception is so incorporated with the enactment as to constitute a part of the definition of the crime, and should, therefore, be negatived.

2. The indictment was not amendable, after demurrer, as the defect was not one of form.

3. The statute as to this crime superseded the common law.

4. Statute, R. L. s. 4247—procuring abortion—construed.

HEARD at the December Term, 1878, Caledonia County, ROSS, J., presiding, on demurrer to the indictment. On the hearing the court caused the indictment to be amended by inserting the following words : " the same not being necessary to preserve the life of the hereinafter named Lizzie S." ; and then overruled the demurrer and adjudged the indictment sufficient. The case is stated in the opinion.

*H. C. Bates* and *E. May*, for the respondent, cited 2 Pick, 138 ; *Hill* v. *State*, 53 Ga. 472 ; *Russell* v. *State*, 50 Ind. 174 ; *Bassett* v. *State*, 41 Ind. 303 ; 1 Lead. Crim. Cases, 255 ; 8 Am. Jurist, 233 ; 1 Chitty Crim. Law, 283 ; 1 Arch. Crim. Pl. 53 ; *State* v.

---

---

*Meek*, 70 Mo. 355; s. c. 35 Am. Rep. 427; *State* v. *Butler*, 17 Vt. 145; *State* v. *Barker*, 18 Vt. 195; *State* v. *Palmer*, 18 Vt. 570; *State* v. *Abby*, 29 Vt. 60; *State* v. *Hodgdon*, 41 Vt. 139; *State* v. *Norton*, 45 Vt. 258; *State* v. *Tomlinson*, 77 N. C. 528.

*H. E. Carter*, for the State, cited 32 Me. 369; 11 Gray, 85; 13 Pa. St. 631.

The opinion of the court was delivered by

VEAZEY, J. This case was heard upon demurrer to an indictment for procuring an abortion. The statute was as follows: " Every person who shall be convicted of wilfully administering to any pregnant woman, or to any woman supposed by such person to be pregnant, or of advising or prescribing for such woman, or causing to be taken by her anything whatever, or shall employ any means whatever, with intent thereby to procure the miscarriage of such woman, or of aiding and assisting therein, or by counselling and procuring the same, *unless the same is necessary to preserve her life*, shall," &c. The indictment contained the words " maliciously and without lawful justification "; but did not negative the exception in italics, which constitutes one of the alleged defects. The rule adopted in this State is, that the exception must be negatived by the indictment when it is so incorporated with, and becomes a part of, the enactment as to constitute a part of the definition or description of the offense. *State* v. *Abby*, 29 Vt. 60.

It is difficult to see how this offense can be stated without stating the exception. There is no offense when the act is necessary to preserve the life of the woman. The statute provides a penalty only when this necessity does not exist. This clause was inserted as an amendment in 1867; and the apparent purpose was to make the statute clearly define what should constitute the crime by stating as a part of the definition specifically what only should constitute lawful justification. It is incorporated in the enactment as a part of it, and is necessarily descriptive of the offense. Indictments for abortion were held bad for the same defect under

like statutes in Missouri and Indiana. *State* v. *Meek*, 70 Mo. 355; *Bassett* v. *The State*, 41 Ind. 303. As illustrative of the same view of indictments for other offenses, see *Russell* v. *The State*, 50 Ind. 174; *Kline* v. *The State*, 44 Miss. 317; *State* v. *Barker*, 18 Vt. 195. These were all indictments under the Sunday law; and they contained no averment that the work was not work of necessity or charity. To the same effect in indictments for different offenses, are *State* v. *Tomlinson*, 77 N. C. 528; *Elkinson* v. *State*, 13 Ga. 435; *Com.* v. *Maxwell*, 2 Pick. 138; *Rex* v. *Jarvis*, 1 Burr. 148; *East's* P. C. 166; *State* v. *Butler*, 17 Vt. 145. The case of *State* v. *Hodgdon*, 41 Vt. 139, would seem to be an exception to the general line of authority, except that the form there adopted was prescribed by the statute. We think the omitted averment was material and necessary; and could not be inserted as an amendment after demurrer. It was not merely formal.

It is further claimed that this indictment is good at common law. This statute provides a severe penalty for every conceivable act done with intent to procure miscarriage; but attached to each act as a condition to its being criminal is the provision that the miscarriage should not be necessary to preserve the life. The statute has incorporated in the description of the thing or act which would be an offense at common law this element as a part of the description; and has provided a penalty for the act described. Under such circumstances we think, as was stated by REDFIELD, J., in *State* v. *Butler*, *supra*, the statute has modified the common-law offense, and must be considered as having superseded it. It covers every act criminal in this respect at the common law; and in every instance makes a certain thing the test of its criminality. The sufficiency of the indictment must therefore be tested by the statute.

The exceptions are sustained. The judgment of the County Court overruling the demurrer and adjudging the indictment sufficient is reversed; and the indictment is adjudged insufficient and quashed.