## STATE v. LYDIA A. STEVENSON.

MAY TERM, 1896.

*Abortion.   Indictment must negative exception in statute. Means used to procure not the same as miscarriage.*

1. If a statute, making certain acts criminal, contains an exception, the indictment must negative the exception.

·2. R. L., s. 4247, provides that a person who employs certain means upon a pregnant woman to procure a miscarriage, shall be guilty, "unless the same is necessary to preserve her life."   *Held*, that the words "the same" refer to miscarriage, and that an averment that the means were not necessary to preserve the woman's life, was not equivalent to an averment that the miscarriage was not necessary.

3. *Held*, that the word "operation," as used in the indictment, referred to the means and not the miscarriage.

Indictment under R. L., s. 4247, for attempt to procure an abortion, whereby the woman died.   The respondent demurred generally to the indictment.   Demurrer overruled, *pro forma*.   The respondent then plead not guilty and a trial was had by jury, all at the September term, 1895, Franklin County, MUNSON, J., presiding.   Verdict guilty.   The respondent excepted to the action of the court in overruling the demurrer and also took various exceptions during the trial, which are immaterial in view of the decision of this court.

*C. G. Austin* and *F. W. McGettrick* for the respondent.

The demurrer should have been sustained.   The counts contain no allegation that the miscarriage was not necessary to the

35

life of the deceased. *State* v. *Stokes*, 54 Vt. 179; *State* v. *Abby*, 29 Vt. 60; *State* v. *Barber*, 18 Vt. 195; *State* v. *Butler*, 17 Vt. 145; *State* v. *Palmer*, 18 Vt. 570; *State* v. *Norton*, 45 Vt. 258.

*I. N. Chase*, state's attorney, and *Geo. A. Ballard* for the state.

START, J. The respondent was tried on an indictment containing six counts, the last two of which were abandoned by the prosecution before the trial commenced. The respondent interposed a general demurrer to each count. The court *pro forma* overruled the demurrer and adjudged the indictment sufficient.

It is insisted by the respondent that the indictment is insufficient, in that it contains no averment that a miscarriage was not necessary to preserve the life of the woman. In each count, it is averred that the means employed, with intent to procure a miscarriage, were not necessary to preserve her life. R. L., s. 4247, provides that a person who willfully administers, advises or causes to be administered anything to a woman pregnant, or supposed by such person to be pregnant, or employes or causes to be employed any means with intent to procure a miscarriage of such woman, or assists or counsels therein, unless the same is necessary to preserve her life, shall if the woman die in consequence thereof, be imprisoned in the state prison not more than twenty years and not less than five years, etc. This statute renders all acts done and performed upon a woman, pregnant, or supposed to be pregnant, with intent to procure her miscarriage, criminal, unless the same was necessary to preserve her life. "The same" here refers to the miscarriage and not to the means employed to procure a miscarriage, as is contended by the counsel for the state.

The purpose of the statute is to suppress, by penal inflictions, the evil of procuring miscarriages, and it prohibits the

employment of any means with intent to procure a miscarriage, unless a miscarriage is necessary to preserve the life of the woman. Any other construction would render the exception nugatory. It cannot be said that the thrusting of an instrument into a pregnant woman, who is otherwise in perfect health, is necessary to preserve her life, or that the employment of any of the means commonly used to procure a miscarriage is necessary to preserve her life; but it may be necessary to procure a miscarriage in order to save her life, and the exception provides for such a necessity, and nothing more. Therefore, under the statute, it is an offence to employ means with intent to procure a miscarriage, unless a miscarriage is necessary to preserve the life of the woman; and it is not an offence, if the miscarriage is necessary to preserve her life. If a miscarriage was necessary to preserve the life of the pregnant woman, all acts done with the intent to procure it were lawful; but if unnecessary, criminal. Hence, the acts antecedently charged to have been done or performed upon the alleged pregnant woman by the respondent, with the intent to procure a miscarriage, may be of either character, and are not necessarily criminal, because in none of the counts is it charged that the miscarriage was not necessary to preserve the life of the woman. If all the allegations of the counts should be fully proved, they would not conclusively establish that the respondent was guilty.

In order to charge an offence under the statute, it is necessary to negative the exception. *State* v. *Stokes*, 54 Vt. 179. An averment that the means employed to procure the miscarriage were not necessary to preserve the life of the woman is not equivalent to an averment that the miscarriage was not necessary to preserve her life, and does not negative the exception; and the failure to negative the exception renders the indictment fatally defective. In *Bassett* v. *State*, 41 Ind. 303, it was held, under a statute making an attempt to procure a miscarriage a criminal act, unless the miscarriage is

necessary to save the life of the woman, that an indictment charging that an instrument was used to procure a miscariage, the employment of the instrument not being necessary to preserve the life of the woman, without averring that the miscarriage was not necessary to preserve the life of the woman, should be quashed.

The first and second counts contain the following averment:

"That the performing of said operation and the entering, forcing and thrusting of said instrument into the womb and private parts of her, the said M. Estella Houghton, not then and there being necessary to preserve the life of said M. Estella Houghton."

It is insisted that the word "operation" refers to miscarriage, and that the averment that the operation was not necessary to preserve her life, is equivalent to an averment that a miscarriage was not necessary to preserve her life. The word "said" before the word "operation," confines the meaning of the latter to some act antecedently charged, and the clause, "the performing of said operation," naturally confines the reference to a completed or fully performed act antecedently charged. This is manifest from the pleader's subsequent use of the words, "said operation," in charging "that thereby the death of M. Estella Houghton was caused." These last words cannot refer to a miscarriage, because it is nowhere charged that a miscarriage was produced by the acts charged to have been performed. It cannot, therefore, be held, that, by the words, "said operation," is meant a miscarriage. If it had been antecedently charged that a miscarriage was procured, the word "operation" might naturally refer to that act. Hence, "said operation" can only refer to some one of the acts antecedently charged to have been performed, with the intent to procure a miscarriage.

None of the counts contain an averment that an *operation* was performed, and the word "operation" can have reference to no averment in the indictment, unless it refers to the acts averred to have been done with the intent to procure a mis-

carriage.    Therefore, the averment that the "operation" was not necessary to preserve the life of the woman is, in effect, an averment that the forcing and thrusting of an instrument into the womb of the woman was not necessary to preserve her life, and can have the effect only of an averment that the acts done were not necessary to preserve her life.    As we have seen, it cannot refer to a miscarriage; for it is nowhere averred that there was a miscarriage, nor is it averred that an operation was performed with intent to procure a miscarriage nor that a miscarriage resulted from an operation.    Therefore, the averment that the operation was not necessary to preserve the life of the woman does not obviate the necessity of an affirmative averment that the miscarriage was not necessary to preserve the life of the woman.

*Indictment adjudged insufficient and quashed; respondent discharged.*

Taft, J., dissenting.