STATE OF VERMONT v. HIRAM H. REYNOLDS.

*Intoxicating Liquor. Sufficiency of Complaint under § 13, ch. 94, of the Gen. Sts.*

A complaint under § 13, ch. 94, of the Gen. Sts., for owning, keeping, and possessing *intoxicating liquors*, with intent to sell and furnish the same contrary to the provisions of said chapter, is sufficient, without naming the particular kinds of liquor.

THIS was a grand juror's complaint under § 13, ch. 94, of the Gen. Sts., preferred to the city court of the city of Burlington,

38

and appealed to the county court. The complaint alleged that the respondent, " on the 24th day of January, 1874, at said city, did own, keep, and possess a large quantity, to wit, two quarts of *intoxicating liquors*, with unlawful intent then and there unlawfully to sell, furnish, and give away the same," contrary to the provisions of said chapter, " he the said Hiram H. Reynolds, then and there having no authority under the laws of this state, to sell, furnish, and give away such intoxicating liquors, contrary to the statute," &c. At the April term, 1874, PIERPOINT, Ch. J., presiding, the respondent demurred to the complaint, but the court overruled the demurrer, and adjudged the complaint sufficient, and the respondent not asking for any other disposition of the case, was adjudged guilty; to all which the respondent excepted.

*R. H. Start*, for the respondent.

Where an offence is created by statute, the general rule undoubtedly is, that it is sufficient to charge the offence in the language of the statute ; but to this rule there are many exceptions. 1 Bishop Crim. Proced. §§ 369, 370, 371 ; *Commonwealth* v. *Slack*, 19 Pick. 307 ; *State* v. *Goulding*, 44 N. H. 287 ; *Commonwealth* v. *Bean*, 14 Gray, 53 ; *State* v. *Pierce*, 43 N. H. 275. The case at bar is clearly within the exceptions to such general rule. The owning, keeping, and possessing of certain kinds of intoxicating liquors, with the intent charged, is not unlawful, as this allegation imports. *Russell* v. *Sloan*, 33 Vt. 656. The statute, in its spirit and intent, applies only to certain kinds of intoxicating liquors, to wit, spirituous and fermented liquors, known as rum, gin, brandy, ale, porter, &c. ; while in its literal terms, and by its generality, it embraces all kinds of intoxicating liquors. The complaint should therefore have gone beyond the words of the statute, and set forth the kind of intoxicating liquors owned, kept, and possessed by the respondent, that the court may see that they are of the class that comes within the intent and spirit of the statute. See cases above cited.

But the complaint in another respect is insufficient. It is alleged that the respondent did own, keep, and possess two quarts of intoxicating liquor. The averment, intoxicating liquor, is

merely the opinion or deduction of the pleader from facts that do not appear upon the record. If the allegation, " did own, keep, and possess two quarts of intoxicating liquor, with the intent," &c., could be regarded as a sufficient statement of an offence under the statute, nevertheless, its force and effect is destroyed by the allegation that the respondent had no authority to sell, furnish, and give away such liquors, *contrary to the statute,* which is equivalent to saying that he then and there had authority to sell, furnish, and give away the same *according to the statute.* 1 Bishop Crim. Proceed. § 367. The facts from which a contrary and criminal intent is to be inferred, should have been set forth. These two allegations may be said to be repugnant to each other, and that the latter may be regarded as surplusage. But it cannot be. It enters into the description and definition of the offence as set forth; it goes to show that the intent of the respondent may or may not have been criminal; it is a negative pregnant. But the offence is not charged in the language of the statute even.

A person has a right to furnish and give away liquors at any place that is not a common resort; and has a right to own and keep liquors with such intent; hence, if his intent is to furnish and give away at his dwelling-house, the intent is lawful; if at his store or shop, unlawful. The complaint should have averred that the intent was to furnish and give it away at a place of public resort, or that respondent was a tavern-keeper, grocer, &c.

————— —————, for the state.

The opinion of the court was delivered by

BARRETT, J. The meaning of the expression, *intoxicating liquor,* could not be made more certain and free from ambiguity by designating it as gin, or rum, or whiskey, or brandy, or by any other name of a species. It embraces them all, and all disguises of them designed for sale or drinking in evasion of the law, as distinguished from legitimate medicinal preparations, lawfully kept, sold, and used as medicine.

The respondent enjoyed as much scope and facility of defence on the ground that the stuff was legitimate medicine, kept to be

furnished and used lawfully as such, as if the complaint had specified some particular kind or kinds of intoxicating liquor. The law goes for the *genus* regardless of the *species*. If it was of the proscribed *genus*, whatever may have been the particular species, it constituted the bottom element of the crime. What particular species of intoxicating liquor it might have been alleged to be, would not affect his right or ability to show that it was something besides, and was not intoxicating liquor.

Exceptions overruled ; judgment affirmed.