## STATE *vs.* LOUISE CAMPBELL.

An allegation in a criminal complaint that the defendant did keep . . . . "for the purpose of sale, and not for the purpose of exportation, ale, wine, rum," &c., is not equivalent to an allegation that the liquors were kept for sale, and not for sale for exportation.

An allegation in a criminal complaint that the defendant did keep, &c., "ale, wine, rum, and other strong and malt liquors, and mixed liquors, a part of which was ale, wine, rum, and other strong and malt liquors," is sufficiently certain, and is supported by proof of keeping, &c., lager bier.

EXCEPTIONS to the Court of Common Pleas.

This case was a complaint and warrant before the Justice Court of Providence, charging that on the 29th day of May, A. D. 1877, with force and arms, " Louise Campbell, of said Providence, laborer, not being then and there a registered pharmacist, or registered assistant pharmacist in the employ of a registered pharmacist, and not acting as aid under the immediate supervision of a registered pharmacist or registered assistant pharmacist, and not being then and there a practitioner of medicine, who did not keep open shop for the retailing, dispensing, and compounding of medicines and poisons, or a wholesale dealer, supplying medicines and poisons to pharmacists and physicians, and not being then and there an importer of liquor of foreign production, and selling the same in manner and in quantities permitted and as provided in section 6, chapter 508 of the Public Laws, did unlawfully keep

and suffer to be kept, on her premises and possessions, and under her charge, for the purpose of sale, and not for the purpose of exportation, ale, wine, rum, and other strong and malt liquors, and mixed liquors, a part which was ale, wine, rum, and other strong and malt liquors, without license first had and obtained from the commissioners elected in and for said city of Providence, under and according to the provisions of chapter 508 of the Public Laws, entitled ' An act to regulate and restain the sale of intoxicating liquors,' and contrary to the provisions of chapter 119 of the General Statutes, and said chapter 508 of the Public Laws. And it is hereby averred that ·said liquor was not cider, or wines manufactured from currants or grapes, or other fruits or berries grown within this State, and kept in quantities not less than one gallon, and was not liquor of foreign production, imported under authority of the laws of the United States, and kept in the original casks or packages in which it was imported, and in quantities not less than those in which the laws of the United States require such liquors to be imported, and against the statutes and the peace and dignity of the State."

The case was carried by the defendant's appeal into the Court of Common Pleas, and thence brought by her exceptions to this court. The exceptions were:

1. Nothing in the complaint negatives the fact that the liquors may have been kept for a legal sale. They may have been legally kept by the defendant in the city of Providence: *a*, for sale by herself in any town in the State where she may have been licensed to sell intoxicating liquors; *b*, or for sale by herself in Providence for exportation, the words of the warrant, " not for the purpose of exportation," referring to the keeping and not to the selling.

For these reasons the defendant moved that the complaint be quashed. The court refused the motion, and she excepted.

2. The defendant objected to the introduction of evidence that she sold lager bier, the complaint not charging specifically the sale of lager bier. The court admitted the evidence, and she excepted.

3. No evidence was introduced at the trial to show that the defendant kept or sold other liquor than lager bier. She, thereupon, asked the court to direct a verdict of Not guilty. This motion the court refused, and she excepted.

*July* 13, 1878.    DURFEE, C. J.    We think the first exception must be sustained.    An allegation that the defendant did " keep and suffer to be kept on her premises, and under her charge, for the purpose of sale and not for the purpose of exportation, ale, wine, rum," &c., must be construed to mean that the liquors were kept and suffered to be kept for sale, and not kept or suffered to be kept for exportation, and it is not equivalent to an allegation that they were kept for sale and not for sale for exportation.    It does not preclude the possibility that the defendant may have kept them, or suffered them to be kept for sale for exportation simply, which under the statute she was permitted to do.    *Hanley* v. *Powers*, 11 R. I. 82.

We think the second and third exceptions must be overruled. The complaint, in respect of the point covered by the second and third exceptions, is in the form which has been used and allowed without question, so far as we know, for more than thirty years, and it has the sanction of high authority.·   *Commonwealth* v. *Odlin*, 23 Pick. 275 ;  *Commonwealth* v. *Conant*, 6 Gray, 482 ;  *Commonwealth* v. *Timothy*, 8 Gray, 480 ;  *Commonwealth* v. *Stowell*, 9 Met. 569 ;  *State* v. *Reynold*, 47 Vt. 297.[1]

The defect pointed out in the first exception is fatal to the complaint, and consequently the complaint will be quashed here without remitting it to the court below.

*Exception sustained and complaint quashed.*

*Edmund S. Hopkins*, Assistant Attorney General, for plaintiff.
*John D. Thurston*, for defendant.

──────────────────

[1] And see *State* v. *Goyette*, 11 R. I. 592.