## STATE *v.* CHARLES WAITE.

October Term, 1899.

Present : ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed January 30, 1900.

*V. S. 4460—Fermented cider*—By V. S. 4460 fermented cider is placed in the category of intoxicating liquors and the general prohibition of the sale of such liquors except by an authorized agent applies to it.

*V. S. 4463—Unfermented cider*—With reference to sales, the word "cider" as used in V. S. 4463, which prohibits the sale of cider in a place of public resort or to an habitual drunkard, and otherwise permits it, means unfermented cider.

*V. S. 4465—Intoxicating liquor—Cider*—In V. S. 4465, which prescribes the penalty for selling, furnishing or giving away, or owning, keeping or possessing with the intent to sell, furnish or give away "intoxicating liquor or cider in violation of law," fermented cider is included under the generic name of intoxicating liquor, and the word "cider" means unfermented cider.

*Illegal sales of fermented cider—Allegations and proof*—In this case the concession by the respondent that he had made within three years eleven sales of fermented cider, showed him guilty of eleven offenses under a complaint charging him in the common statutory form with selling intoxicating liquor contrary to law.

INFORMATION in the statutory form for selling, furnishing and giving away intoxicating liquor and cider without authority. Windsor County, December Term, 1898, *Taft,* J., presiding.

The respondent conceded that he had made eleven sales of fermented cider within the time covered by the prosecution, on premises, the character and use of which were described, and requested the judgment of the court upon such concession. Judgment of guilty of eleven offenses under the information. The respondent excepted.

*W. W. Stickney* and *J. G. Sargent* for the State.

*A. E. Cudworth, J. C. Enright* and *E. R. Buck* for the respondent.

WATSON, J.   By section 4460, V. S., selling, furnishing and giving away, "spirituous or intoxicating liquor, or mixed liquor, of which a part is spirituous or intoxicating, or malt liquors or lager beer," is prohibited ; and it is therein provided that the phrase " intoxicating liquors," where it occurs in chapter 187, V. S., shall be held to include such liquors and beer, and fermented cider.   By section 4463, V. S., it is provided that nothing in that chapter shall prevent the manufacture, sale and use of cider ; but that no persons shall sell or furnish cider at or in a victualling house, tavern, grocery, shop, cellar or other place of public resort, or at any place, to an habitual drunkard.   And section 4465, V. S., prescribes the penalty for selling, furnishing or giving away, or owning, keeping, or possessing with intent to sell, furnish or give away, " intoxicating liquor or cider, in violation of law."

These three sections are the only ones in the chapter relating to the traffic in intoxicating liquor, wherein cider is referred to by name, and in construing the same, force must be given to each section in that regard, if possible so to do.   By section 4460, fermented cider is placed in the category and under the generic name of intoxicating liquors, and wherever it is, by law, unlawful to traffic in intoxicating liquor, it is unlawful to traffic in fermented cider, one of the species thereof.   And section 4463, as far as it relates to selling and furnishing cider, has reference to unfermented cider, such as is not by law within the term "intoxicating liquors."   It follows that the provision in section 4465, as to " intoxicating liquor," includes fermented cider, and that the word " cider," as therein used, has reference only to such cider as is not included in that phrase.   With this construction, these three sections of the statutes are consistent with each other, and each is given the force intended by the law-making power.

The information charges the respondent in the statutory form with, at divers times, selling, furnishing and giving away " intoxicating liquor and cider without authority", etc.; but contains no allegations as to whether the cider was sold, furnished,

or given away in a place of public resort, or to an habitual drunkard. The respondent conceded that, among other things, he had made, " To divers persons, within three years, eleven sales of fermented cider "; but contends that the conceded facts do not show the sales to have been made in a place of public resort or to an habitual drunkard, and that if they do show the former, the information is insufficient upon which to found a conviction.

But under the construction of the statute, above given, the information need only set forth in common form, the selling, furnishing, and giving away, of intoxicating liquor,—*State v. Reynolds,* 47 Vt. 297—and the concession of the respondent of the eleven sales of fermented cider rendered him guilty thereunder, and he was properly so adjudged.

*Judgment that respondent take nothing by his exceptions.*
*Let sentence be pronounced and execution done.*