### STATE v. ANDREW THORNBURN.

#### May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON and
HASELTON, JJ.

#### Opinion filed August 27, 1902.

### *Sale of fermented cider—Stare decisis.*

The only reasonable construction of V. S. 4460 and 4463, considered
together, being the one adopted in *State* v. *Waite,* 72 Vt. 108, that
decision must stand.

INFORMATION for selling cider contrary to law. Plea,
not guilty. The respondent was adjudged guilty on facts con-
ceded at the December Term, 1901, Windsor County, *Stafford,*
J., presiding. The respondent excepted.

*J. G. Harvey* for the respondent.

*Chas. P. Tarbell,* State's Attorney, for the State.

TYLER, J. Information for selling cider without author-
ity. The State offered to prove, and the respondent admitted
ten sales of fermented cider, and the court thereupon adjudged
the respondent guilty of ten offenses, but allowed exceptions
and suspended sentence. In this court the respondent concedes
that the judgment below was in accordance with *State* v. *Waite,*
72 Vt. 108, 47 Atl. 397, but contends that the decision should
be overruled.

In *State* v. *Waite* it was held that, as V. S. 4460 classified
fermented cider with intoxicating liquors, the permission given
in section 4463 to sell cider, related to unfermented cider. This
is the only reasonable construction of the two sections consid-
ered together,—the only way to give effect to both sections.
The doctrine of *stare decisis* must be applied.

*Judgment that the respondent take nothing by his exceptions; let there be sentence and execution thereof.*