### The State of Vermont *v.* William Parks.

#### *Intoxicating liquor.　Town agent.*

The agent for a town to sell intoxicating liquor for medicinal, chemical and mechanical purposes only, who has given a bond in pursuance of the 4th section of the act to prevent traffic in intoxicating liquors for the purpose of drinking, is liable to indictment if he sells or gives away such liquors for the general purposes of drinking.

INDICTMENT for selling and giving away intoxicating liquor contrary to law. The respondent plead that before any of the acts of selling or giving away charged in the indictment he was duly licensed by the commissioner for the county of Washington as agent for the town of Marshfield, in said county, in which town all of said acts of selling, &c., were alleged to have been committed, to sell intoxicating liquor for medicinal, chemical and mechanical purposes, and executed the requisite bond to the county of Washington, as required by the 4th section of the act to prevent traffic in intoxicating liquors for the purpose of drinking, and was and continued to be such agent until after the finding of said indictment.

To this plea the state's attorney demurred. The county court, September Term, 1856, — POLAND, J., presiding, — adjudged the plea insufficient, to which the respondent excepted.

*J. A. Wing*, for the respondent.

*F. F. Merrill*, state's attorney, for the prosecution.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question in the present case is, whether a town agent for selling liquors for medicinal, chemical and mechanical purposes, is liable to indictment for selling or giving away liquors for general purposes of drinking.

The statute in terms makes every one liable who shall furnish liquors in violation of the act. There is no intimation of any exception in regard to agents. And, in reason and policy, they are the last persons who ought to be excused, on account of the public trust reposed in them, and the great facilities they thereby acquire for doing public evil.

And the fact that a bond is given does not seem to us any bar to the remedy by indictment. The remedies are by no means concurrent, nor can the bond be made to take the place of the public prosecution; certainly not where imprisonment is the penalty. If there is any liability to double prosecution for any violations of law by the agent, there is certainly no more danger of his suffering double punishment than in any case where there are concurrent remedies for the same cause of action, as in contract or tort. Judgment, that the respondent take nothing by his exceptions, and that he be fined $ ———— and costs, or the case remanded for trial at his election.