State of Vermont *v.* Leighton S. Hodgdon.

*Peddler. License. Criminal Law. Indictment.*

Where one transports from town to town the kind of goods mentioned in section 2 of chapter 81 of the General Statutes, and temporarily exposes them for sale at auction and otherwise, he becomes a peddler within the meaning of the statute.

The respondent had been located as a merchant in Montpelier for about one year prior to April 20, 1866, when he moved his goods to Corinth, and hired a store, and therein sold at auction and private sale for ten or twelve days, then removed his goods to Chelsea, where he hired a store for ten days or so long as he should wish, and gave public notice that he should stay but a short time, and again sold goods at auction and private sale, without having had license as a peddler during any part of said time. *Held,* that these facts constitute a *prima facie* violation of the statute prohibiting peddling without a license.

The proviso in section 2 of chapter 81 of the General Statutes excepts from the act goods which are the manufacture of this state; but it was not necessary for the prosecution, in order to make out a *prima facie* case, to prove where the goods were manufactured, as such fact would be peculiarly within the knowledge of the respondent, and should be proved by him as matter of defense.

The prosecution should show that the respondent does not come within the exceptional clause of the statute, where the exception is descriptive of the offense or defines it, but, where the exception affords matter of excuse merely, and does not define nor qualify the offense created by the enacting clause, it is not required to be negatived by the prosecution.

INDICTMENT for violation of sections 2 and 3 of chapter 81 of the General Statutes, relating to peddlers. The case was submitted to the court at the June term, 1866, PECK, J., presiding, upon a statement of facts agreed on by the parties, which is as follows:

" The respondent had for about one year been doing business as a merchant in Montpelier, Washington county, in a store hired for that purpose, the lease of which expired about the 20th of April, 1866, and had given in his list in Montpelier and paid his taxes there for the year 1866, and was a resident citizen of this state. He had a license from the United States as a merchant. When his lease of the store at Montpelier expired, he could not find a suitable place in Montpelier in which to carry on his business. He thereupon took his goods and went to Corinth in Orange county, and hired a store for 10 days or as long as he should wish to occupy it, and therein sold goods at retail, and employed a regular licensed auctioneer to sell some of his goods, and he had his license as a merchant transferred to said Corinth. After the respondent had been at Corinth 10 or 12 days, he had his government license transferred to Chelsea, and went with his goods to that town, hired a store for ten days or as long as he should want, and advertised that he should stay but ten days or a short time, and then intended to stay but a short time, and during said time he sold goods composed of cotton and other materials at private sale, and employed a licensed auctioneer to sell some goods at auction at said Chelsea. The respondent had no license as a peddler under the laws of this state, and did not suppose it was necessary for him to have one to sell goods as he was selling them. While the respondent was selling goods at Chelsea as aforesaid, and within the ten days, the present indictment was found by the grand jury of Orange county. After he was indicted, on the same day, he took out a license as a peddler from the clerk of Orange county. The court are to render judgment, upon the foregoing facts, the same as if it was a special verdict of a jury."

The court, upon this statement of facts, found and adjudged the respondent guilty, to which the respondent excepted.

*Jos. A. Wing* and *Wm. Hebard*, for the respondent.

*Heman A. White*, *state's attorney*, for the state.

The opinion of the court was delivered by

WILSON, J.   The only question in this case is whether the facts upon which the county court found and adjudged the respondent guilty, constitute the offense charged in the indictment.   Section 2 of chapter 81 of the General Statutes provides that "Any person going from town to town, or from place to place in the same town, either on foot or otherwise, carrying to sell, or exposing for sale, any goods, wares or merchandise which are the growth or manufacture of any foreign country, or any cotton, linen, woolen or silk goods, or goods composed in part of either of said materials, plated or gilded ware, jewelry, any patent medicine, or any compound medicine the composition of which is kept secret from the public, watches, or clocks, which are the growth, produce or manufacture of the United States; and any person who shall transport any such goods, wares or merchandise from town to town, or who shall come from without this state into any town within the same, bringing any such goods, wares or merchandise, and shall, in any town to which he may transport or bring the same, temporarily expose said goods, wares or merchandise for sale at auction or otherwise, at any public or private house, store, or other place, *shall be deemed a peddler.*"   The third section provides that any person who shall become a peddler without license in force, shall forfeit and pay to the treasurer of this state a sum not exceeding three hundred dollars, nor less than fifty dollars.   The indictment is, substantially, in the form provided by the statute.   It charges that the respondent, on the 12th day of June, 1866, at Chelsea in the county of Orange, became a peddler without having any license therefor in force, contrary to the statute.   It appears that the respondent, for about one year next before the 20th of April, 1866, was a merchant engaged in selling goods at Montpelier, from which place he transported his goods to Corinth in this county, where he hired a store for ten days or as long as he should wish to occupy it, and therein sold goods at auction and at private sale for the period of ten or twelve days, and then transported his goods to Chelsea.   The respondent, at said Chelsea, hired a store for ten days or as long as he should wish to occupy it, and gave public notice that he

should stay there but ten days or a short time, during which time, at said Chelsea, he sold at auction and at private sale, goods composed of cotton and other materials, which sales constitute the act complained of. It is conceded by the respondent, that, when he went to Chelsea and commenced selling goods, he intended to remain there but a short time, and it is quite clear that, when the indictment was found against him, he was only temporarily exposing for sale and selling goods at that place.

We are agreed that the facts conceded by the respondent, bring the case within the express provisions of the enacting clause of the second section of the statute. It is, however, insisted by the respondent, that his conviction can not be sustained, because it does not appear that the goods sold by him at Chelsea, were not the manufacture of this state. That part of the section above quoted defines who should be *deemed a peddler ;* the section then concludes in the following language : "Provided, however, that the provisions of this section shall not be construed to extend to articles of provisions or produce. which are the growth or produce of the United States, nor to any articles of goods, wares or merchandise · which are the manufacture of this state, except plated or gilded wares, jewelry, clocks, and watches." It is not incumbent on the government, to show that the respondent is not within the proviso of the section. It is a well settled rule that whether exceptions in a statute are to be negatived in pleading and proved, or whether they are a mere matter of defense, depends upon their nature, and not upon their location with reference to the enacting clause, nor upon their being preceded by the word *except* instead of *provided.* Archb. C. L., 105 ; *State* v. *Abbey*, 29 Vt., 60. Where an exception or proviso is so incorporated with, and becomes a part of the enactment, as to constitute a part of the definition or description of the offense, the indictment must show negatively, and the allegation must be proved by the prosecution, that the party, or the matter pleaded, does not come within the meaning of such exception or proviso. The cases in 18 Vt., 195, 570, cited by the respondent's counsel, are illustrations of the rule where the exception in the statute should be and was required to be negatived.

It will be seen that the exceptions in the statutes referred to in those cases, constitute a part of the description of the offense, and so far define and qualify it as to require that the exceptions be negatived and proved, in order to determine whether any offense at all had been committed. The exceptions should be negatived only where they are descriptive of the offense or define it, but where the exceptions afford matter of excuse merely, and do not define nor qualify the offense created by the enacting clause, they are not required to be negatived; but when the respondent is within the exception, such fact may be relied upon in defense. The case of *State* v. *Abbey* above cited, was an indictment for bigamy. The indictment was framed on section 5 of chapter 108 of the Compiled Statutes, and the court held it was not necessary to allege that the respondent was not within any of the exceptions or exemptions specified in the 6th section of the same chapter, although they were expressly referred to in the 5th section. In applying these remarks to the present case, it is clear that the statute on which this indictment is framed, does not require the prosecution to prove that the respondent is not within the matter of exception contained in the proviso. The enacting clause of the section contains a perfect definition of *peddler*, as used in the statute. The proviso in the section excepts from the act, goods which are the manufacture of this state, but the matter embraced in the proviso does not define nor qualify the term *peddler*, nor is it descriptive of the offense created by the enacting clause. Upon the facts agreed in this case, and upon which the case is submitted to this court, it appears that the respondent transported from town to town the kind of goods mentioned in the statute, and temporarily exposed them for sale at auction and otherwise, without license therefor; by which he became a peddler within the definition of the term *peddler*, as defined by the enacting clause. A *prima facie* case is proved, and the offense is fully made out. The enacting clause in terms extends to goods which are the manufacture of the United States, as well as to those which are the manufacture of any foreign country; it was, therefore, not necessary, in order to make a *prima facie* case, for the prosecution to prove where the goods were manufactured. It was.

for the respondent to prove that he was within the exception contained in the proviso ; and if, in fact, the goods exposed for sale and sold by the respondent, were the manufacture of this state, he should have relied upon and proved such fact in his defense. If they were the manufacture of this state, the fact was peculiarly within the knowledge of the respondent, and the affirmative should have been proved by him as matter of defense. Archb. C. L., 105 ; 18 Vt., 197 ; 29 Vt., 70. A different construction of the act would subject the prosecution to a burden, in respect to proof, not warranted by the letter or spirit of the statute.

The exceptions are overruled, and the respondent sentenced to pay a fine of $50 and costs of prosecution.