## STATE *v.* ALBERT H. SMITH.

*No. 73, Acts of* 1884. *Fish. No.* 245, *Acts of* 1884. *Pleading.*

1. An information based on s. 7, No. 73, Acts of 1884, need not aver the destruction of the fish. It is the taking, not the destruction, which is prohibited.

2. Granting that Nos. 73 and 245 should be so construed together that fishing with hook and line is not prohibited in Lake Bomoseen, still the information need not negative the fact that the taking averred was with hook and line. The provision in the last mentioned act would be mere matter of defense.

Rutland County Court, March Term, 1888, Tyler, J., presiding.

This was an information in two counts. The first count alleged that the respondent " did take and catch from the waters of this State, to wit : from the waters of Lake Bomoseen, situate, etc., seven pond-pickerel."

The second count charged the respondent with having in his possession seven pond-pickerel caught in the waters of the same lake. To this information the respondent demurred. The demurrer was overruled by the court, and the respondent excepted.

*P. R. Kendall,* for the respondent.

Nos. 73 and 245 are *in pari materia* and should be construed together. Hence, it was not unlawful to fish with hook and line in Lake Bomoseen, and it should have been averred that these fish were not taken in this manner. *State* (Neb.) v. *Babcock,* 33 N. W. 247 ; *State* v. *Day,* 3 Vt. 138 ; *State* v. *Northfield,* 13 Vt. 565.

*Edward Dana,* State's Attorney, for the State.

The opinion of the court was delivered by

ROWELL, J. This information is founded on s. 7, No. 73 of the St. of 1884, which imposes a fine for taking or catching pond-pickerel from any of the waters of this State, public or private, between certain dates. No. 245 of the same statute, which

State *v.* Smith.

is an act for "the protection of fish in Lake Bomoseen and Inman Pond," was approved the same day that No. 73 was, and provides that that act shall not be construed to prohibit fishing in the last-mentioned waters at any time with hook and line.

The respondent claims that the taking and catching prohibited by No. 73 is a taking and catching that destroys the fish, and that the information should have averred such destruction. But it is obvious that this is not what the statute means. Its purpose is, to better stock the waters of the State with the fish named in the act, and therefore they are protected during the closed season, and the taking of them prohibited, irrespective of what is done with them after they are taken.

The respondent also claims that said acts are *in pari materia*, and should be construed together, and that under No. 245, fishing in Lake Bomoseen with hook and line is lawful at all times of year, and that therefore this information should have negatived the taking of these fish in that way.

But if his claim as to the construction of the acts is sound, his conclusion is not. The provision in the last-mentioned act, that it shall not be construed to prevent fishing with hook and line, is not descriptive of the offense nor a part of its definition, and therefore catching with hook and line is but matter of defense, and need not be negatived in the information. Thus, a statute made the giving away of intoxicating liquor an offense. A subsequent statute qualified the words "give away" by enacting that they should not be construed to apply to giving away under certain circumstances. *Held*, that the qualification need not be negatived. *State* v. *Freeman*, 27 Vt. 523. Again, a statute defined who should be deemed a peddler, and in the same section provided that the section should not be construed to extend to certain articles. *Held*, that the proviso need not be negatived, as it was mere matter of defense. *State* v. *Hodgdon*, 41 Vt. 139.

*Affirmed and remanded.*