## WESTERN UNION TELEGRAPH COMPANY

v.

## GATES B. BULLARD ET AL.

### Caledonia County, 1893.

Before :   Taft, Rowell, Munson and Start, JJ.

*Telegraph line.   Penalty for interfering with.   Pleading.*

In an action for the recovery of  the penalty imposed by R. L. s. 3,641, for interfering with a telegraph line, the declaration need only allege that the plaintiff corporation was authorized to construct the line in question and had constructed it along a  public  highway in  this State in such a manner as not to interfere with  the public convenience in using or repairing said highway.   It need not allege that the other provisions of that chapter have been  complied with, for if a neglect upon the part of the plaintiff to comply with them excuses the defendant, that is matter of defence.

Debt for the penalty for interfering with the plaintiff's telegraph line given by R. L. s. 3,641. Heard at the June term, 1891, Ross, Ch. J., presiding, upon the defendant's demurrer to the declaration. The demurrer was sustained, and the plaintiff excepted. The opinion states the case.

*W. P. Stafford* and *Harry Blodgett* for the plaintiff.

The plaintiff need not negative in his declaration provisions which are purely matters of defence. *Vavasouer* v. *Ormond*, 6 B. & C. 431; Chitty Pl. * pages 329, 356-360; Stephens Pl. 443, 350.

*Alexander Dunnett* and *Henry C. Ide* for the defendant.

This, being a penal statute, must be strictly construed. *Turnpike Co.* v. *Hayes*, 5 Cush. 458; *Caswell* v. *Worth*, 5 E. L. & B. L. 848; Potter's Dwarris St. 245; Endlich, Interp. St. s. 334 and cases cited; Bouv. Law Dic., Title, Penal Statute; 1 Black. Com. 88 and note; 6 Bacon's Abridg. 390; *Lothrop* v. *Middleton*, 83 Am. Dec. 112; *Railroad Co.* v. *Bolton*, 77 Am. Dec. 236.

The plaintiff must allege and prove that the line was erected in pursuance of that chapter. It has not done so. *State* v. *Barker*, 18 Vt. 195; *State* v. *Sommers*, 3 Vt. 156; *State* v. *Norton*, 45 Vt. 258; Keasby, Electric Wires, 33, 34, 69, 78, 81; *State* v. *Collins*, 62 Vt. 195; *Story* v. *Downer*, 62 Vt. 243; *Alexander* v. *School Dist.*, 62 Vt. 273; *State* v. *Northfield*, 13 Vt. 565; *Williams* v. *Turnpike Co.*, 4 Pick. 341.

The opinion of the court was delivered by

START, J. R. L. 3,641 provides that if a person wilfully or intentionally injures a telegraph wire, post or other fixture erected or maintained in pursuance of chapter one

hundred and sixty-three, or wilfully interferes with the working of such telegraph line, or aids or assists in such offence, he shall forfeit one hundred dollars, to be recovered by an action of debt.

It is claimed that it does not appear from the declaration that the telegraph line claimed to have been injured was erected or maintained in pursuance of this chapter. If the line erected and maintained as shown by the declaration is such a line as the plaintiff was authorized to erect and maintain under this chapter, then it sufficiently appears that the line was erected and maintained in pursuance thereof.

Section 3,633 of this chapter provides that persons associated together to erect a line of telegraph in this State may set, erect and maintain the posts and other necessary fixtures thereof in and along any highway, but the same shall be so done as not to interfere with the public convenience in travelling on such highway or repairing the same. By No. 32 of the acts of 1888, this section is amended by extending its provisions to telephone companies and telephone lines, and providing that trees shall not be cut or injured except under certain conditions. This act also provides that any person violating its provisions shall be fined not less than five nor more than fifty dollars for each and every tree so cut or injured, and that any corporation so offending shall forfeit a like amount for each offence.

It is alleged in the declaration that the plaintiff erected and maintained the telegraph line which it is claimed was injured by the defendants upon and over a certain highway in such a manner as in no way to interfere with the public convenience in travelling on and over said highway or in repairing the same. The telegraph line thus described is such a line as is provided for in section 3,633, as amended, and, from this allegation, it sufficiently appears that the line was erected and maintained in pursuance of this chapter.

While the act of 1888 provides that trees shall not be cut

or injured except under certain provisions, and provides a penalty for violating these provisions, and other sections of chapter one hundred and sixty-three provide for the erection and maintenance of lines under different circumstances from those disclosed in the declaration and over different property, it was not necessary for the plaintiff to show by its declaration that it had not violated the provisions of the act of 1888 or subjected itself to the penalty therein provided, or that its line is not such a line as is provided for in other sections of this chapter. It is sufficient for the plaintiff to show by its declaration that its line is one of the lines provided for by this chapter; and it has done so by showing that it is such a company or association as is authorized by this chapter to erect and maintain a telegraph line on and over any highway in this State, and that the line which it claims the defendants have injured was erected and is maintained by it over such highway. By proving these allegations, and also proving that the defendants wilfully or intentionally injured the wires, posts or fixtures of its line, a *prima facie* case is made out.

The section of this chapter providing for the penalty sought to be recovered contains no exceptions which the plaintiff was required to negative. The claimed exceptions are provisions found in other sections of the chapter, relating to cutting or injuring trees, the location of the line where objection is made, and the assessment of damages in certain cases; and it is claimed that the declaration should show that notice was given, hearing had, damages assessed and paid, as is provided in these sections. If it were necessarily inferable from the fact that a telegraph line has been erected and maintained, that trees have been cut or injured, that objection was made to its location, or that damages were claimed by reason of its location, there might be sufficient reason for so holding; but no such inference is to be drawn from these facts. A telegraph line may be erected and

maintained over and upon a highway so as not to interfere with the public convenience in travelling thereon or in repairing the same, without cutting or injuring trees, and without objection or claim for damages being made. Such a line is authorized by this chapter, and may be erected and maintained by a telegraph company in pursuance thereof, without obtaining permission to do so from any one; and a person wilfully or intentionally injuring such a line subjects himself to the penalty provided for in section 3,461. If the plaintiff's line was not thus erected and maintained, and it became necessary to cut or injure trees, or objection was made or damages claimed, and the plaintiff neglected or omitted to observe the statute providing for such cases, and the defendants are thereby excused from liability, such neglect or omission is a matter of defence and not a matter to be negatived in a declaration.

In *State* v. *Abbey*, 29 Vt. 60, it is held that, in an indictment for bigamy, it is not necessary to allege that the respondent was not within any of the exceptions provided in the statute, and that an exception need not be negatived because it is in the section containing the enactment, unless the exception is a part of the definition or description of the offence. In *State* v. *Hodgdon*, 41 Vt. 139, the respondent was indicted for violating the statute relating to pedlers. The statute contained a proviso excepting from its operation goods manufactured in this State, and it was held that it was for the respondent to prove that he was within the exception. In *State* v. *Freeman*, 27 Vt. 523, it is held that the qualification to the words "give away," in the statute relating to intoxicating liquor, need not be negatived in the indictment. In *State* v. *Norton*, 45 Vt. 258, it is held that the provision in an act prohibiting the killing of deer, that it should not interfere with the rights of the owner of such animal wholly or partly domesticated, need not be negatived in the complaint. In *State* v. *Smith*, 61 Vt. 346, it is held

that a proviso in an act relating to fishing, that it shall not prevent fishing with a hook and line, is not descriptive of the offence, nor a part of its definition, and therefore catching with a hook and line is but matter of defence, and need not be negatived in the indictment.

*Judgment reversed, demurrer overruled, declaration adjudged sufficient and cause remanded.*