BENJAMIN F. RUGG

v.

COMMERCIAL UNION TELEGRAPH COMPANY.

JANUARY TERM, 1894.

*Telegraph line.    When selectmen can award damages.*

1.  Under R. L., ss. 3633-35, telegraph companies have the right, without the consent of any one, to erect and maintain their lines along any highway in the state, unless the convenience of the public in travelling upon or repairing such highway is interfered with, or unless the same is erected along the streets of a village or in front of or near a residence.

2.  R. L., s. 3637, gives selectmen power to award damages only in the excepted cases in which their permission to erect the line must be obtained; and whether they can make a valid award in those cases is not decided.

Bill in chancery.  Heard upon the pleadings and a master's report at the September term, 1892, Franklin county. START, chancellor, dismissed the bill *pro forma*.  The orator appeals.

The orator was the owner of a farm situated just outside the limits of the village of St. Albans.  Through this farm the selectmen of the town of St. Albans had laid a highway which was called Thorpe avenue, and which connected with one of the streets of the village.  The orator's land upon either side of Thorpe avenue was suitable for building lots and it was his intention to utilize it for that purpose, but no buildings had been erected.

The defendant, against the protest of the orator, constructed its telegraph line along Thorpe avenue. Thereupon the orator applied to the selectmen of the town of St. Albans, who awarded him five hundred dollars damages. This bill was to enjoin the use of this line across the land of the orator until the award of five hundred dollars was paid.

Several questions were made by the defendant in reference to the sufficiency of the notice and the regularity of the hearing before the selectmen, but those become immaterial in view of the opinion of the court.

*Farrington & Post* for the orator.

Payment of the damages was a pre-requisite to the right of the defendant to use the land of the orator.   *Gold, Jr.,* v. *Vermont Central Railroad Co.,* 19 Vt. 478; *Plimpton* v. *Somerset,* 33 Vt. 283; *Hall* v. *Armstrong,* 65 Vt. 421; Cool. Const. Lim., 6th Ed., 693-695.

*Wilson & Hall* for the defendant.

The selectmen had no jurisdiction to award damages in this case.   R. L., ss. 3633-37; *Pierce* v. *Drew,* 136 Mass. 75.

START, J.   The orator seeks to recover the sum of five hundred dollars, awarded to him by the selectmen of the town of St. Albans as damages on account of the erection of a telegraph line in and along a public highway adjacent to his lands.

R. L., s. 3633, provides that persons associated together to erect a line of telegraph wires in this state may set, erect and maintain the posts and other necessary fixtures therefor in and along any highway; but the same shall be done so as not to interfere with the public convenience in travelling on such highway, or in repairing the same.

R. L., s. 3634, provides that, if it is found inconvenient or inexpedient to erect such telegraph wires agreeably to section 3633, the selectmen of the town where such difficulty arises shall determine on application where and in what manner such wires shall be erected, giving notice to the parties interested, and shall certify their decision and cause the same to be recorded in the town clerk's office.

R. L., s. 3635, provides that, if it is found desirable to erect such line of telegraph in and along the streets of a village, or in front of and near residences of any persons, and such persons object thereto, they may apply to the selectmen of such town, or officers of such village, who shall determine through what streets that same shall pass, or in what manner, if at all, such objections may be obviated; and such decision shall be final, notice being given as required in section 3634.

R. L., s. 3637, provides that, when, in the erection of a telegraph line, the owner or occupant of lands or tenements sustains, or is likely to sustain, damages thereby, the selectmen of the town shall appraise such damage, and the same shall be paid before the line is erected.

Without deciding what rights telegraph companies have under these enactments, we think it clear that the legislature intended that they should have the right to erect and maintain telegraph lines in and along any highway without obtaining consent to do so from any one, provided the convenience of the public in travelling and the repairing of the highway are not thereby interfered with, and the same are not erected in and along the streets of a village or in front of or near a residence. *Western Union Tel. Co.* v. *Bullard et al.*, 65 Vt. 634. Selectmen are not given authority or jurisdiction in respect to such lines, and if they have power to make a valid assessment of damages, such power is limited and restricted to such lines and parts of lines as come within the exceptions provided for in these

enactments, viz., highways where it is found inconvenient or inexpedient to erect such lines without interfering with the public travel or the repairing of the highway, and when objections are made to erecting lines in and along the streets of a village or in front of or near a residence.

Section 3633, as amended by No. 32 of the Acts of 1888, provides that telegraph and telephone companies, in constructing and maintaining their lines, shall not cut or injure any tree without the written consent of the adjoining land owner or occupant, unless the selectmen of the town, or trustees of the village, or aldermen of the city, where such tree is situated, shall decide, after due notice to the owner or occupant of the time and place of hearing, that such cutting or injury is necessary ; and they shall pay such damages as said selectmen, trustees or aldermen shall award for the same. From this enactment it would seem that the legislature did not understand that selectmen were authorized to award damages to owners or occupants of land, except in those cases where they are given jurisdiction to locate the line. If they had general authority to award damages in all cases to adjoining owners or occupants of lands, then this enactment, so far as it relates to the assessment of damages, was unnecessary. The more reasonable construction to be given to these enactments is, that section 3637 does not authorize selectmen to assess damages to owners or occupants of adjoining lands or tenements, except in those cases where it becomes inconvenient or impracticable to erect a line without inconvenience in travelling upon and repairing a highway, and where it becomes desirable to erect a line in and along the streets of a village or in front of or near a residence, and objections are made.

Section 3637 must be construed in connection with preceding sections which relate to the power and jurisdiction of selectmen in the location of telegraph lines ; and, when so construed, it is clear that the legislature considered that

there might be places upon highways where it would be impracticable to erect a telegraph line without interfering with the travelling public and the repairing of the highway, and that there might be valid objections to erecting a line along the streets of a village or in front of or near a dwelling house; and, for such cases, it provided that selectmen or village officers should be called upon to locate the line and determine how objections could be obviated, and that selectmen should assess damages. Whether these provisions are sufficient to authorize selectmen to make a valid assessment of damages in the exceptional cases provided in these enactments, we do not decide. The orator's case does not fall within any of the exceptions. It does not appear that, in the erection of the line in question, it became inconvenient or inexpedient to erect it without inconvenience in travelling or in making repairs, nor does it appear that the line was erected in or along the streets of a village, or in front of or near a dwelling, or that it became necessary to cut or injure trees. The burden was on the orator to show that the selectmen had jurisdiction to make the award they did make. This he has not done. Therefore, it must be held that the selectmen acted without authority, and that the award made by them is void.

*The decree of the court of chancery is affirmed, and cause remanded.*