## STATE *vs.* J. E. ELDREDGE.

May Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed May 29, 1899.

*V. S. 4568—Right of Commissioners to Restock.*—When the fish and game commissioners, under V. S. 4568, have stocked a pond or stream with fish and prohibited fishing therein for three years, and the three years have elapsed, their power in respect to such waters is not exhausted, but they may restock it and again prohibit fishing therein.

*Boatable Waters—Information Need not Negative Constitution, c. 2, § 40.*— An information under V. S. 4568, for illegal fishing, need not allege that the waters are not boatable, nor that they are not such other waters (not private property) as the inhabitants of the State have a right to fish in by virtue of the constitution of Vermont, c. 2, § 40; for such are matters of defense, as held in *State* v. *Bevins*, 70 Vt. 574.

INFORMATION under V. S. 4568 for illegal fishing. Plea, not guilty. Trial by jury, at the December term, 1898,

Addison county, *Ross*, C. J., presiding. Judgment of guilty upon a special verdict. The respondent excepted.

The special verdict was as follows: "In this case the jury under oath find specially that the facts set up in the information are true; and they find the further fact that the identical waters were posted by the fish and game commissioners, and fishing prohibited therein for the three years prior to April 1, 1896, and ending with that date, when the posting and prohibition specified in the information was begun. If as a matter of law under these facts the defendant is guilty, the jury find him guilty, otherwise not guilty."

*W. H. Bliss* for the respondent.

The commissioners had not power to lap a second three year term upon the first. V. S., c. 189, expressly provides that the prohibition shall be "for a period not exceeding three years." V. S. 4568. This statute is in derogation of the common law and is not to be extended by construction.

V. S. 4567 provides, "waters stocked by the fish and game commissioners shall thereafter be treated as public waters." If this means anything, it confers upon the public, after the three years expire, the old right to fish. *N. E. Trout and Salmon Club* v. *Mather*, 68 Vt. 338; *State* v. *Theriault*, 70 Vt. 617.

The constitution, c. 2, § 40, declares that "the inhabitants of this State shall have liberty in seasonable times to hunt and fowl on the lands they hold and on other lands not enclosed; and in like manner to fish in all boatable and other waters (not private property) under proper regulations to be hereafter made and provided by the general assembly." The information is bad in failing to allege that the waters in question were not boatable waters or that they were private property. I Bishop Crim. Proc., § 637; *State* v. *Barker*, 18 Vt. 195; *State* v. *O'Donnell*, 10 R. I. 472; *Com.* v. *Kenner*, 11 B. Munroe 1; *U. S.* v. *Cook*, 17 Wall. 168; *State* v. *Stevenson*, 68 Vt. 529.

*F. L. Fish*, State's Attorney, for the State.

TAFT, C. J. The respondent contends that when the fish and game commissioners have stocked a pond or stream with fish, and prohibited fishing therein for three years, and the three years have elapsed, their power in respect to such stream is exhausted; that they cannot restock it and again prohibit fishing therein. Such is not the construction we give the statute. One stocking of the pond or stream may be unsuccessful, and a repetition of the experiment necessary to effect the purposes contemplated by the statute. The limitation of three years provided in the statute does not imply that fishing can never be prohibited in one stream, for a longer time, but that one experiment shall not continue beyond that period.

It is further contended that there is no allegation in the information that the waters in question were not boatable nor that they were private property, and that by the constitution, c. 2, § 40, the inhabitants of this State can fish in all boatable waters and other waters, (not private property,) and that these exceptions should be negatived in the information. That they need not be was held in *State* v. *Bevins*, 70 Vt. 574.

> *Judgment that there is no error in the proceedings and the respondent takes nothing by his exceptions. Execution of the sentence ordered.*

*Thompson*, J. dissents.