STATE *v.* HARRY PAIGE.

May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and
POWERS, JJ.

Opinion filed February 1, 1906.

*Intoxicating   Liquor—Illegal   Sales—Criminal   Pleading—
Negativing   Exception—Kind   of   Liquor—How   Exposed
—Constitutional   Law—Statutes—Unconstitutional   in
Part—No. 90, Acts of 1902.*

It is only when the exception in a penal statute is so incorporated with
the enactment as to constitute a material part of the definition or
description of the offence that it need be negatived in the informa-
tion; otherwise it is matter of defence merely.

An information for keeping and exposing intoxicating liquor for sale
in violation of No. 90, Acts 1902, need not exclude by averment
the exception in § 21, that said act shall not apply to certain sales
of cider and of native wines, nor to the furnishing of liquor in
one's dwelling house, unless in the circumstances specified.

An information for keeping and exposing intoxicating liquor for sale
in violation of No. 90, Acts 1902, need not specify the kind of
liquor relied upon, nor aver how it was so kept and exposed.

An unconstitutional provision in a statute will vitiate the whole act
only when the invalid provision is so interwoven with the other
provisions of the enactment as to constitute such an essential ele-
ment of its scheme that without it the act would be incomplete, and
inadequate to accomplish legislative intent.

The respondent demurred to an information charging him with keep-
ing and exposing intoxicating liquor for sale in violation of No. 90,
Acts 1902. *Held,* that if the search and seizure clauses of said
act are unconstitutional, they are not so related to the enactment
as to render it wholly void; and that, therefore, the respondent can-
not raise that question, as he could gain nothing thereby.

INFORMATION for keeping and exposing intoxicating
liquor for sale in violation of No. 90, Acts 1902.   Heard on

demurrer to the information at the December Term, 1904, Caledonia County, *Tyler, J.,* presiding. Demurrer overruled, *pro forma,* and information adjudged sufficient. The respondent excepted.

*M. M. Gordon,* and *J. P. Lamson* for the respondent.

No. 90, Acts 1902, is unconstitutional in that it does not provide for a hearing upon the seizure of liquors alleged to have been exposed for sale. 8 Cyc. 1097, § 3; *Cotter* v. *Doty,* 5 Ohio 394; *Terrett* v. *Taylor,* 9 Cranch (U. S.) 43.

Any proceeding under an act, a part of which is unconstitutional is void. *Mason* v. *Messenger et al.,* 17 Iowa 261; *Taylor* v. *Porter,* 4 Hill 146; *Dartmouth College* v. *Woodward,* 4 Wheat. 518.

*Frank D. Thompson,* State's Attorney, and *David E. Porter* for the State.

The allegation that the respondent "did expose for sale intoxicating liquor" follows the words of the statute and sufficiently describes the offence. Nor is it necessary to specify the kind of liquor. *State* v. *Clark,* 44 Vt. 636; *State* v. *Cook,* 38 Vt. 437; *State* v. *Jones,* 33 Vt. 443; *State* v. *Hodgson,* 66 Vt. 134; *State* v. *Reynolds,* 47 Vt. 297.

It is not necessary to negative the exception in § 21. This is matter of defence merely. *Com.* v. *Hart,* 11 Cush. 130; *State* v. *Abbey,* 29 Vt. 60; *State* v. *Butler,* 17 Vt. 145; *State* v. *Barker,* 18 Vt. 195; *State* v. *Norton,* 45 Vt. 258; *State* v. *Freeman,* 27 Vt. 523.

POWERS, J. An information in two counts for keeping and exposing intoxicating liquor for sale contrary to the provisions of No. 90, Acts of 1902. A demurrer thereto assign-

ing ten causes, of which only those hereinafter considered are relied upon in the respondent's brief.

The first clause of section 21 of the Act of 1902, prohibits the exposing or keeping for sale intoxicating liquor except as authorized in the act. The second clause of the same section provides that the act shall not apply to certain sales of cider and native wines, or to the furnishing liquor in one's own dwelling house unless in the circumstances specified. The respondent claims that the information is fatally defective in that it does not show by proper averment that the liquor referred to therein was not of the kinds specified in the second clause of the section to which the prohibition does not apply. Such averment was unnecessary. It is only when the exception in a penal statute is so incorporated with the enactment as to constitute a material part of the definition or description of the offence, that it need be negatived in the information; otherwise it is matter of defence merely.

To illustrate: In an indictment under a peddler's license act which excepted from its operation goods manufactured in this State, it was held in *State* v. *Hodgdon,* 41 Vt. 139, that it was not necessary to aver that the goods peddled were not manufactured in this State.

Under a statute prohibiting the killing of deer, the third section of which provided that it should not apply to deer partially or wholly domesticated, it was held in *State* v. *Norton,* 45 Vt. 258, that it was unnecessary to aver that the deer referred to was not domesticated.

In a prosecution for bigamy under a statute, one section of which provided that it should not apply to certain persons therein specified, it was held unnecessary, in *State* v. *Abbey,* 29 Vt. 60, to negative the exception by averment.

In a prosecution under V. S. 711, which requires children between certain ages to be sent to the public schools unless they belong to the classes therein specified, it was held in *State v. McCaffrey,* 69 Vt. 85, to be unnecessary to negative the exceptions in the statute.

The same result was reached in *State v. Bevins,* 70 Vt. 574, where the question is sufficiently discussed.

If further authorities were required, reference might be had to *Becker v. State,* 8 Ohio St. 391; *Com. v. Hart,* 11 Cush. 130 and *Com. v. Gagner,* (Mass.) 10 L. R. A. 442 wherein this very question was decided.

The respondent insists that the information should show how, where and what kinds of liquors were kept or exposed for sale.

It was not necessary to show how it was kept or exposed, for the statute which creates the offence fully defines it in clear and unmistakable terms; and the charge here is in the terms of the statute; nothing more is required. *State v. Jones,* 33 Vt. 443; *State v. Cook,* 38 Vt. 437; *State v. Hodgson,* 66 Vt. at p. 150.

The information does show where the liquor was kept and exposed, at Hardwick in the County of Caledonia. This averment is sufficient. *State v. Suiter,* 78 Vt. 391.

It was unnecessary to specify the kinds of liquor kept or exposed. *State v. Reynolds,* 47 Vt. 297.

The respondent attacks the constitutionality of the act on the ground that the search and seizure clauses thereof in nowise provide for a notice and hearing before forfeiture, and so deprive a person of his property without due process. · But the respondent not being affected by the search and seizure clauses is not in a position to challenge their constitutionality, *State v. Scampini,* 77 Vt. 92, unless those clauses are of such

a character that their invalidity would vitiate the whole act. For, as was recently pointed out in the Scampini Case and again in *State* v. *Abraham,* 78 Vt. 53, it is only when the invalid provision is so interwoven with the other provisions of the enactment as to constitute an essential element of its scheme, and is one without which the act would be incomplete and unenforceable according to the legislative intent, that it vitiates the whole. These clauses are not of that character, and can be rejected without marring the legal symmetry of what remains. This was so held in *State* v. *Potter,* 3 R. I. 64. So we decline to pass upon the constitutionality of the provisions complained of, since the respondent could gain nothing thereby; and hence, is not in a position to raise the question.

*Judgment affirmed and cause remanded.*