STATE *v.* GEORGE CARRUTH.

October Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed December 8, 1911.

*Criminal Law—Indictment and Information—Negativing Exceptions—Fish and Game—Bill of Rights—Construction.*

The mere fact that an exception is contained in a section separate from the enacting clause of a criminal statute, or even in a later statute, is not conclusive that such exception need not be negatived in an indictment, for the true test is whether the exception is so incorporated with the enactment as to constitute a material part of the definition or description of the offence.

No. 208, Acts 1910, providing that "any person may pursue, on land owned or occupied by him, wound or kill any deer which he can prove was in the act of destroying or killing any fruit tree or crop," simply provides an available defence for the killing, and so a complaint for violation of P. S. 5320, providing that "no person, except in the open season, shall pursue, take, or kill a wild deer," need not negative the killing of the deer in the protection of property.

The general personal and property rights protected by our Bill of Rights are not absolute in all respects, but are in many respects subject to legislative control and regulation, and are declared rather as guides to the Legislature than as absolutely limiting the exercise of its power, and so need not be negatived in indictments for statutory offences.

The mere fact that an exception to a penal statute is created by the Constitution, rather than by statute, does not determine that the exception must be negatived in a complaint charging violation of the statute.

INFORMATION for killing a wild deer in violation of P. S. 5320. Heard on demurrer to the information, in the Brattleboro Municipal Court on April 8, 1911, William R. Daley, Municipal Judge. Demurrer overruled and information adjudged sufficient. The respondent excepted. Cause passed to the Supreme Court before final judgment. The opinion states the case.

*Clarke C. Fitts* for the respondent.

*Frank E. Barber, State's Attorney,* for the State.

MUNSON, J.   Section 5320 of the Public Statutes provides as follows: "No person, except in the open season, as hereinafter provided, shall pursue, take or kill a wild deer, or have in his possession a wild deer, or part thereof, so taken or killed. * * * " No. 208, Acts of 1910, provides that "any person may pursue, on land owned or occupied by him, wound or kill, any deer which he can prove was in the act of destroying or injuring any fruit tree or crop, except grass growing on uncultivated land. * * * " Article one of our Bill of Rights includes in its enumeration of the natural, inherent and unalienable rights of all men, the right of "acquiring, possessing and protecting property."

The complaint is that the respondent on a day named,

it not being the open season therefor, did pursue, take and kill a wild deer; with other counts not necessary to be stated. It is claimed that the complaint is defective because it does not negative that the deer was killed in the necessary protection of the property of the respondent or of his employer, under the right secured to him by the Constitution; and because it does not negative that the deer was killed while destroying or injuring trees or crops of the respondent or of his employer, as authorized by the act of 1910.

The rule is generally stated to be that an exception in the enacting clause of a statute must be negatived, and that one not in the enacting clause need not be negatived. But the fact that the provision is contained in a separate section or a subsequent statute does not necessarily determine that it is not a part of the enacting clause within the true meaning of that expression. *State* v. *Abbey*, 29 Vt. 60, 67 Am. Dec. 754; *United States* v. *Cook*, 17 Wall. 168, 21 L. ed. 538; *Com.* v. *Jennings*, 121 Mass. 47, 23 Am. Rep. 249; *State* v. *Gallagher*, 20 R. I. 266, 38 Atl. 655; *Keifer* v. *State*, 87 Md. 562, 40 Atl. 377; *Mayer* v. *State*, 64 N. J. L. 323, 45 Atl. 624. The test is whether the exception is so incorporated with the enactment as to constitute a material part of the definition or description of the offence. *State* v. *Paige*, 78 Vt. 286, 62 Atl. 1017; *State* v. *Bevins*, 70 Vt. 574, 41 Atl. 655.

As regards the objection based on the act of 1910, no special examination of the cases need be had. The nature of the provision is unmistakably characterized by its language. The owner or occupier of the land may kill any deer which he can prove was in the act of injuring a fruit tree or crop. If he kills a deer, and is unable to prove the fact which excuses the killing, his defence fails, and he is guilty of the crime which the statute describes.

As regards the further objection, it is insisted that the provision relied upon is a constitutional guaranty of the right claimed, and so constitutes an exception which necessarily enters into the description of the offence. We think this claim is too broad. Many things contained in the bills of rights found in our State Constitutions "are not, and from the very nature of the case cannot be, so certain and definite in char-

acter as to form rules for judicial decisions; and they are declared rather as guides to the legislative judgment than as marking an absolute limitation of power." Cool. Con. Lim. 210. The general rights named are protected by these provisions; but this protection does not make the rights absolute in all respects, for in many respects they remain subject to legislative control and regulation. *Lawrence* v. *Rutland R. R. Co.*, 80 Vt. 370, 383, 67 Atl. 1091, 15 L. R. A. (N. S.) 350; *Board of Health* v. *St. Johnsbury*, 82 Vt. 276, 284, 73 Atl. 581, 23 L. R. A. (N. S.) 766. We find no justification for holding that in prosecutions for statutory offences the State must negative the various generalities of the Bill of Rights touching personal or property rights.

The mere fact that an exception is created by the Constitution instead of by statute does not determine that the exception must be negatived. Section 40 of chapter two of the Constitution secures to the inhabitants of the State the right to fish in all boatable and other waters (not private property) under proper legislative regulations. An information for illegal fishing was challenged for the failure to allege that the waters in question were not boatable waters, nor that they were private property; and the Court held that it was not necessary to negative these exceptions. *State* v. *Eldridge*, 71 Vt. 374, 45 Atl. 753.

*Judgment affirmed and cause remanded.*