### State *v.* R. M. Harvey.

November Term, 1914.

Present: Powers, C. J., Munson, Watson, Haselton, and Taylor, JJ.

Opinion filed November 30, 1914.

*Fish—Criminal Prosecution—Possession of Fish—Sufficiency of Information—Alleging Knowledge—Negativing Exceptions —Necessity.*

An information charging respondent with having possession of trout less than six inches long, without authority and in violation of §2, No. 201, Acts 1912, need not allege that he was "knowingly" in possession thereof, nor need that be proved, for respondent is charged with knowledge of the fish in his possession and of their length; nor need the information negative the express or implied exceptions in that statute, as they do not constitute a material part of the definition of the offence.

The final provision of §2, No. 201, Acts 1912, that "A person who counsels, aids or assists in a violation of a provision of this act,

or who knowingly shares in any of the proceeds of said violation by receiving or possessing either fish, quadrupeds, or birds shall be guilty of a misdemeanor" etc., applies, so far as relates to possession, only to the numerous provisions of the statute which relate to the manner of "taking" game and fish, and a person who comes into possession of fish or game in violation of those provisions is innocent unless he "knows" of the violation of those provisions.

INFORMATION for illegally having possession of fish protected by law. Heard on demurrer to the information, at the March Term, 1914, Washington County, *Slack,* J., presiding. Demurrer overruled and information adjudged sufficient. The respondent excepted. The opinion states the case.

*John Senter* and *Benj. Gates* for the respondent.

*J. Ward Carver,* State's Attorney, for the State.

HASELTON, J. This is a grand juror's complaint, brought before the city court of Montpelier, charging that the respondent, on a day named, without authority, had in his possession fish protected by law, that is, five brook trout, each less than six inches in length. The case came into county court on appeal, and there the respondent demurred on the ground that the complaint did not allege that the respondent was "knowingly" in possession of five brook trout less than six inches in length. The demurrer was overruled, the respondent excepted, and the case was passed to this Court before trial.

The fish and game law was codified by No. 201 of the Acts of 1912, and sections 2, 27, and 40 of that act, read together, protect at all times brook trout under six inches in length, and forbid, under penalty, any person except as authorized by the act to take or "have in his possession" at any time, brook trout less that six inches in length.

Section 2 provides that a person doing anything prohibited by the act, with reference to fish, quadrupeds or birds shall be deemed to have violated the provisions of the section. So far, knowledge is not made an element of the offence.

The section closes with a provision that a person who counsels, aids, or assists in a violation of any provision of the

act or "knowingly" shares in any of the proceeds of such viola-
tion, by receiving or possessing fish, quadrupeds, or birds, shall
be deemed guilty of a misdemeanor and punished as a prin-
cipal.    But this provision so far as it relates to possession
finds its application in connection with numerous provisions of
the statute which relate only to the manner of "taking" game
and fish and matters of that sort.    For example, game, that
is, certain birds and quadrupeds, may, in general, be taken only
with a gun fired at arm's length.    The same person may take
but one wild deer in a season, and not more than four quail
nor more than twenty wild ducks in a day.    Ducks and geese
cannot be taken from a boat propelled otherwise than by hand.
There is a limit on the number of trout that a person may
take in one day.    No person may fish for trout for a certain
distance below a dam during the spawning season.    Fish are,
in general, to be taken by "angling," which is defined in the
act to mean taking fish with hook and line in hand, or rod in
hand, though, as applied to fishing from a boat, the use of
two lines with or without a rod is "angling."    There are numer-
ous provisions of this character, and a person who comes into
possession of fish and game taken in violation of such pro-
visions is guilty of nothing unless he "knows" of the violation
of the provisions.

But the statute makes it an offence for a person "to have
in his possession" trout under six inches in length; and he is
charged with knowledge of the trout in his possession and of
their length, and his knowledge thereof does not have to be
proved, and therefore need not be alleged, and the word
"knowingly" need not be inserted in the complaint.    *State* v.
*Tomasi,* 67 Vt. 312, 31 Atl. 780; *State* v. *Ward,* 75 Vt. 438,
56 Atl. 85; *State* v. *Gilmore,* 80 Vt. 514, 68 Atl. 658, 16 L. R. A.
(N. S.) 786, 13 Ann. Cas. 321.

If the respondent is not guilty because of any exception
in the statute either expressed or implied, the exception does not
constitute a material part of the definition of the offence, and
so need not be negatived in the complaint.    *State* v. *Smith,* 61
Vt. 346, 17 Atl. 492; *State* v. *Paige,* 78 Vt. 286, 62 Atl. 1017, 6
Ann. Cas. 725; *State* v. *Carruth,* 85 Vt. 271, 81 Atl. 922.

We are construing a criminal statute, of a sort, but there is
no difficulty with the matter if, in accordance with a sug-
gestion in *United States* v. *Union Supply Company,* 215 U. S.

50, 55, 54 L. ed. 87, 30 Sup. Ct. 15, we "free our minds from the notion that criminal statutes must be construed by some artificial and conventional rule."

*Judgment affirmed and cause remanded for trial upon its merits.*