STATE *v.* JAMES JOSEPH.

October Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 7, 1939.

508

*Reuben Levin* for the respondent.

*George H. Plumb,* State's Attorney, and *Alban J. Parker,* Deputy Attorney General, for the State.

SHERBURNE, J. This is a prosecution for selling and possessing alcohol. The only question briefed is the exception to the overruling of respondent's motion in arrest of judgment.

Sec. 3 of No. 1 of the Acts of the Special Session of 1934, as amended by Sec. 1 of No. 197 of the Acts of 1935, provides as follows:

"A person, partnership, association or corporation shall not furnish or sell, or expose or keep with

intent to sell any malt or vinous beverage, or spirits, except as authorized by this act, or manufacture, sell, barter, transport, import, export, deliver, prescribe, furnish or possess any alcohol. But this act shall not apply to the furnishing of such beverages or spirits by a person in his private dwelling, unless to an habitual drunkard, or unless such dwelling becomes a place of public resort, nor to the sale of fermented cider by the barrel or cask of not less than thirty-two liquid gallons capacity, provided the same is delivered and removed from the vendor's premises in such barrel or cask at the time of such sale, nor to the use of sacramental wine, nor to the furnishing, purchase, sale, barter, transportation, importation, exportation, delivery, prescription, or possession of alcohol for manufacturing, mechanical, medicinal, and scientific purposes, provided the same is done under and in accordance with rules and regulations made and permits issued by the liquor control board as hereinafter provided."

Sec. 2 of No. 197 of the Acts of 1935 provides that the liquor control board shall

"VIII. Make rules and regulations concerning, and issue permits under such terms and conditions as it may impose for the furnishing, purchasing, selling, bartering, transporting, importing, exporting, delivering and possessing of alcohol, including denatured alcohol, for manufacturing, mechanical, medicinal and scientific purposes."

Sec. 71 of No. 1 of the Acts of the Special Session of 1934, as amended by sec. 17 of No. 197 of the Acts of 1935, provides penalties for violation of the provisions of the act, and also provides penalties for the violation of the regulations of the liquor control board.

Omitting the formal allegations counts 1, 3 and 5 of the information charge that the respondent, "without permit from the liquor control board did possess" a stated amount "of al-

cohol without authority of law''; and counts 2 and 4 charge that the respondent, ''not then and there having from the liquor control board a license, permit or certificate in any manner of form authorizing him so to do, did without authority of law, sell one pint of alcohol to one Clement ·Brissette.''

■ Except for one matter which we will later ˙discuss, the gist of the respondent's motion is the claim that each count of the information charges two offenses, one a direct violation of the act, the other a violation of the rules and regulations of the liquor control board, each providing separate and distinct penalties, and that, therefore, the charge is not set forth with such particularity as will reasonably indicate the exact offense which the respondent is alleged to ,have committed. It is sufficient to say that none of the counts charge ány violation of a regulation of the liquor control board. By the provisions of the act the sale or possession of alcohol except for the named special purposes is forbidden absolutely, and it is forbidden for these special purposes unless authorized by the liquor control board. Only direct violations of the act itself are charged.

■ Respondent's motion concludes with the assertion that the above quoted provisions relative to the power of the liquor control board to make regulations is an unconstitutional delegation of legislative power because no standard is set up for the board to follow. In support of this contention *State* v. *Auclair,* 110 Vt. 147, 4 Atl. (2d) 107, is cited. For the reasons hereinafter stated it is unnecessary to determine if the act makes an unconstitutional delegation of power.

■■ It was unnecessary for the information to contain any negation of a permit, license or certificate from the liquor control board. The first clause of section 3 of the act as amended prohibits the possession or sale of alcohol. The second clause of this section provides that the act shall not apply in certain situations. It is only when the exception in a penal statute is so incorporated with the enactment as to constitute a material part of the definition or description of the offense, that it need be negatived in the information; otherwise it is matter of defense merely. *State* v. *Paige,* 78 Vt. 286, 62 Atl. 1017, 6 Ann. Cas. 725, and cáses therein cited. That case presents almost exactly the situation we have here, in that the second clause of section 21 of No. 90 of the Acts of 1902, the act upon which that prose-

cution was based, provided that that act should not apply to certain sales of cider and native wines, or to furnishing liquor in one's own dwelling house unless in the circumstances specified.

As a permit was a matter of defense its negation was surplusage and its proof unnecessary to make out a *prima facie* case.

The information being sufficient the motion was properly overruled.

*Exceptions overruled.*